Raymond P. Boucher, State Bar No. 115364
 *ray@boucher.la*
Amanda J.G. Walbrun, State Bar No. 317408
 *walbrun@boucher.la*
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel:   (818) 340-5400
Fax:   (818) 340-5401

David K. TeSelle (*Pro Hac Vice*)
 *dteselle@burgsimpson.com*
Lisa R. Marks (*Pro Hac Vice*)
 *lmarks@burgsimpson.com*
Morgan L. Carroll (*Pro Hac Vice*)
 *mcarroll@burgsimpson.com*
Alyssa Hill (*Pro Hac Vice forthcoming*)
 *ahill@burgsimpson.com*
BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.
40 Inverness Drive East
Englewood, Colorado 80112
Tel: (303) 792-5595
Fax: (303) 708-0527

*Attorneys for Plaintiff Jane Doe*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE, f/k/a KRISTY ALTHAUS, an individual,<br><br>                    Plaintiff,<br><br>          v.<br><br>AYLO GLOBAL ENTERTAINMENT INC., a Delaware corporation; AYLO USA INCORPORATED, a Delaware corporation; AYLO BILLING US CORP., a Delaware corporation; ETHICAL CAPITAL PARTNERS, a foreign entity; MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD., d/b/a "PORN HUB," a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; and MG BILLING US CORP., a Delaware corporation),<br><br>                    Defendants. | Case No. 2:23-cv-7488 MWF (AGRx)<br><br>**PLAINTIFF'S NOTICE OF RELATED CASES**<br><br>**(Local Rule 83-1.3.1)**<br><br>The Hon. Michael W. Fitzgerald<br><br>Trial Date:   Not Set |

TO THE HONORABLE COURT:

Plaintiff Jane Doe in the above-entitled case, by and through the undersigned counsel, hereby provides notice of the following related cases currently pending within the Central District of California pursuant to Local Rule 83-1.3.1:

1.    *Jane Doe v. MindGeek USA Incorporated, et al.*, C.D. Cal. Case No. 8:21-cv-00338-CJC-ADS (filed February 19, 2021);

2.    *Serena Fleites, et al. v. MindGeek S.A.R.L., et al.*, C.D. Cal. Case No. 2:21-cv-04920-CJC-ADS (filed June 7, 2021).

These three cases are related within the meaning of Local Rule 83-1.3.1 because the cases arise from the same or a closely related circumstance (L.R. 83-1.3.1(a)), the cases call for determination of the same or substantially related or similar questions of law and fact (L.R. 83-1.3.1(b)), and for other reasons would entail substantial duplication of labor if heard by different judges (L.R. 83-1.3.1(c)). *Jane Doe v. MindGeek USA Incorporated, et al.* and *Serena Fleites, et al. v. MindGeek S.A.R.L., et al.* are already designated as related cases and coordinated before the Honorable Judge Cormac J. Carney. This case should similarly be related to the previous two. Plaintiffs in all three related cases filed actions in this court against the MindGeek entity defendants for MindGeek's (now known as Aylo's) violations of federal and state sex trafficking laws, as well as California privacy, publicity, and common law.

## I.    THE CASES ARISE FROM THE SAME OR A CLOSELY RELATED CIRCUMSTANCE.

All of the plaintiffs allege MindGeek knowingly profited from participation in ventures which violated the federal Trafficking Victims Protection Reauthorization Act (TVPRA, 18 U.S.C. § 1591) in a myriad of ways, including but not limited to, by recruiting, commissioning, buying, creating, and advertising videos which MindGeek knew, should have known, or recklessly disregarded were the product of sex trafficking. All of the plaintiffs allege MindGeek chose to utilize and promote the sex

trafficking videos of the plaintiffs to maximize its profits, despite MindGeek's actual or constructive knowledge that the videos were obtained or distributed unlawfully. All of the plaintiffs further allege MindGeek intended to deprive them of their personal liberty by refusing to remove the unlawful videos from MindGeek's online platforms.  As a result of MindGeek's wrongful conduct, all of the plaintiffs allege MindGeek was unjustly enriched from the plaintiffs' exploitation, and the plaintiffs suffered serious harm.

## II.    THE CASES RAISE THE SAME OR SUBSTANTIALLY RELATED OR SIMILAR QUESTIONS OF LAW AND FACT.

All of the plaintiffs bring civil complaints for damages alleging identical or substantially similar claims against the MindGeek defendants.  All of the plaintiffs set forth violations of law and claims for relief under state and federal anti-trafficking laws, the TVPRA (18 U.S.C. §§ 1591(a), 1595) and the California Trafficking Victims Protection Act (Cal. Civ. Code § 52.5), as well as claims for the unlawful distribution of private sexually explicit materials (Cal. Civ. Code § 1708.85).  In addition, Plaintiff has numerous other overlapping claims with one or the other related plaintiffs, including: (1) conspiracy claims (18 U.S.C. §§ 1594, 1595); (2) California statutory misappropriation of name and likeness (Cal. Civ. Code § 3344); (3) California common law misappropriation of name and likeness; (4) California intrusion into private affairs; (5) California public disclosure of private facts; (6) California false light; and (7) California intentional infliction of emotional distress.

The three cases will also involve common factual and legal issues.  The plaintiffs in all three cases allege MindGeek knowingly participated in ventures with their sex traffickers by permitting—and promoting—sex trafficking videos on its platform despite its ability to monitor and remove the unlawful content, as well as by partnering with their traffickers in financial agreements and evading law enforcement. The plaintiffs all further allege MindGeek knowingly benefitted from the ventures by monetizing the sex trafficking videos through advertising, subscription services,

selling user data, and increasing web traffic to MindGeek's online platforms. All three plaintiffs allege MindGeek's conduct was not only knowing, but malicious. These cases will also similarly address whether MindGeek acted in conspiracy with the plaintiffs' traffickers. Further, Plaintiff's case will similarly raise common questions of law and fact regarding whether, in maintaining the plaintiffs' videos online, MindGeek is liable for misappropriating the plaintiffs' likenesses and violating their privacy rights. MindGeek will likely assert the same or similar defenses in all three of these cases.

## III. THE CASES MUST BE RELATED TO AVOID THE RISKS OF SUBSTANTIAL DUPLICATION OF LABOR AND INCONSISTENT RULINGS.

Assignment of the three cases to different judicial officers would likely entail substantial duplication of labor because the legal and factual issues significantly overlap. There will likely be similar discovery and motions practice on the same or substantially similar issues. Therefore, all three cases and any future cases filed in the Central District of California, involving the same or similar trafficking claims against these defendants should be deemed related and assigned to the Honorable Judge Cormac J. Carney. Doing so would also avoid inconsistent rulings on prior or forthcoming motions in related disputes.

DATED: September 28, 2023          Respectfully submitted,

BOUCHER LLP

By: _____
RAYMOND P. BOUCHER
AMANDA J.G. WALBRUN

*Attorneys for Plaintiff*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S NOTICE OF RELATED CASES