Ryan G. Baker (Bar No. 214036)
  rbaker@waymakerlaw.com
Donald R. Pepperman (Bar No. 109809)
  dpepperman@waymakerlaw.com
Sam S. Meehan (Bar No. 307934)
  smeehan@waymakerlaw.com
Riley P. Smith (Bar No. 337598)
  rsmith@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

*Attorneys for Defendant Ethical Capital Partners Ltd.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE, f/k/a KRISTY ALTHAUS, an individual, | Case No. 2:23-cv-07488-MWF-AGR |
| Plaintiff, | **ETHICAL CAPITAL PARTNERS LTD.'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(b)(2) OR, ALTERNATIVELY, FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6)** |
| v. | |
| AYLO GLOBAL ENTERTAINMENT INC., a Delaware corporation; AYLO USA INCORPORATED, a Delaware corporation; AYLO BILLING US CORP., a Delaware corporation; ETHICAL CAPITAL PARTNERS, a foreign entity; MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD., d/b/a "PORN HUB," a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; and MG BILLING US CORP., a Delaware corporation, | Judge: Hon. Michael W. Fitzgerald<br>Hearing Date: March 10, 2025<br>Hearing Time: 10:00 am<br>Location: Courtroom 5A<br><br>Trial Date: None Set |
| Defendants. | |

---

ETHICAL CAPITAL PARTNERS LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

I.   INTRODUCTION ......................................................................................... 1

II.  ARGUMENT ............................................................................................... 2

    A.   Plaintiff Exceeded the Scope of the Court's Leave to Amend by Naming ECP as a Defendant in the FAC ................................................ 2

    B.   This Court Already Found ECP Not Subject to Personal Jurisdiction ................................................................................................ 3

        1.   No Direct Specific Jurisdiction Exists over ECP ........................ 3

        2.   Plaintiff Fails to Make a Prima Facie Case for 4(k)(2) Jurisdiction .................................................................................... 4

        3.   Plaintiff Fails to Show an Alter-Ego Relationship ....................... 5

        4.   Plaintiff Fails to Establish Successor-in-Interest Liability ........... 7

            (a)   ECP Has Not Expressly or Impliedly Assumed Any Liability of the Aylo Defendants ......................................... 7

            (b)   There Was No Merger and ECP Is Not a Mere Continuation of Aylo Holdings S.A.R.L. ......................... 8

            (c)   ECP Did Not Engage In Any Transaction for the Purpose of Escaping Liability for Debts ........................ 9

            (d)   ECP Did Not Consent to Nationwide U.S. Jurisdiction ................................................................... 10

    C.   As The Court Has Already Found, Plaintiff's "Fishing Expedition" Request for Jurisdictional Discovery Is Unwarranted ...... 11

    D.   Plaintiff's FAC Against ECP Also Fails on the Merits ....................... 11

        1.   Each of Plaintiff's Claims Against ECP Lack Essential Elements and Must Be Dismissed with Prejudice ..................... 11

            (a)   The Law Does Not Permit Civil Claims for "Attempted" Violations of the TVPRA .......................... 12

            (b)   Plaintiff Fails to Plead ECP Ever Advertised Her Services .................................................................... 12

            (c)   Plaintiff Has Waived Any Argument That ECP Joined a Conspiracy to Violate the TVPRA by Failing to Address the Point in Her Opposition .............. 13

i

(d)    Plaintiff Concedes Dismissal of Her Lanham Act Claims ................................................................. 13

(e)    Plaintiff's California Law-Based Tort Claims Are All Time-Barred ................................................ 13

E.    Plaintiff's Procedural Failures Provide Yet Another Basis for Dismissal ............................................................ 14

1.    Plaintiff's Opposition Runs Afoul of the Local Rules and Controlling Ninth Circuit Authority by Improperly Incorporating Large Portions of Another Brief .......................... 14

2.    Plaintiff's Fatally Flawed Group-Pleading Allegations Warrant Dismissal of All Claims Against ECP ......................... 15

III.    CONCLUSION ........................................................................ 16

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Cases** ................................................................................................ **Page(s)**

*818 Media Productions, LLC v. Wells Fargo Bank, N.A.*,
No. CV16-9427 PSG (PLAx), 2017 WL 3049565
(C.D. Cal. Feb. 9, 2017) ...........................................................................15

*AMA Multimedia, LLC v. Wanat*,
970 F.3d 1201 (9th Cir. 2020) ................................................................4, 5

*Armstrong v. Investor's Business Daily, Inc.*,
No. CV 18-2134-MWF (JPRx), 2018 WL 6787049
(C.D. Cal. Dec. 21, 2018) .........................................................................15

*Asahi Metal Industry Co. v. Superior Court of California, Solano County*, 480 U.S. 102 (1987)................................................................4

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..................................................................................9

*Barantsevich v. VTB Bank*,
954 F. Supp. 2d 972 (C.D. Cal. 2013)......................................................10

*Barrientos v. CoreCivic, Inc.*,
No. 4:18-CV-70 (CDL), 2023 WL 2666852
(M.D. Ga. Mar. 28, 2023)..........................................................................11

*In re Boon Global Limited*,
923 F.3d 643 (9th Cir. 2019) ...............................................................6, 9

*Cambron v. Starwood Vacation Ownership, Inc.*,
945 F. Supp. 2d 1133 (D. Haw. 2013) .....................................................13

*CenterPoint Energy, Inc. v. Superior Court*,
157 Cal. App. 4th 1101 (2007)..................................................................8

*Clark v. Viacom International Inc.*,
617 F. App'x 495 (6th Cir. 2015)..............................................................14

*Cox v. CoinMarketCap OPCO, LLC*,
112 F.4th 822 (9th Cir. 2024)....................................................................3

*Doe v. WebGroup Czech Republic*,
93 F.4th 442 (9th Cir. 2024).....................................................................5



iii

*Fleites v. MindGeek S.A.R.L.*,
   617 F. Supp. 3d 1146 (C.D. Cal. 2022)...............................................13

*Flores v. Bennett*,
   635 F. Supp. 3d 1020 (E.D. Cal. 2022)..............................................14

*Foley v. Graham*,
   No. 21-15024, 2022 WL 1714293 (9th Cir. May 27, 2022)..........................14

*Gerritsen v. Warner Brothers Entertainment Inc.*,
   116 F. Supp. 3d 1104 (C.D. Cal. 2015)..........................................7, 8, 9

*G.G. v. Salesforce.com*,
   76 F.4th 549 (7th Cir. 2023).....................................................12

*Herbalife International of America, Inc. v. Kamel*,
   No. 03–5412, 2022 WL 20689748 (C.D. Cal. Sep. 28, 2022)...........................3

*Jenkins v. County of Riverside*,
   398 F.3d 1093 (9th Cir. 2005)................................................12, 15

*Johnston v. Irontown Housing Company, Inc.*,
   No. 13-CV-0523 W (BLM), 2014 WL 12531189
   (S.D. Cal. Dec. 9, 2014) ........................................................6

*L'Occitane, Inc. v. Zimmerman Reed LLP*,
   No. CV 24-1103 PA (RAOx), 2024 WL 2106957
   (C.D. Cal. Apr. 25, 2024) .......................................................2

*Lessin v. Ford Motor Company*,
   No.19-cv-01082-AJB-AHG, 2024 WL 4713898
   (S.D. Cal. Nov. 7, 2024)........................................................13

*McCracken v. Thor Motor Coach Inc.*,
   No. CV-15-00029-PHX-ROS, 2015 WL 13566918
   (D. Ariz. Dec. 3, 2015).........................................................14

*Novalk, LLC v. Kinsale Insurance Co.*,
   No.: 3:21-cv-01014-BEN-RBB, 2021 WL 4134741
   (S.D. Cal. Sept. 10, 2021)......................................................13

*Nypl v. JPMorgan Chase & Co.*,
   15 Civ. 9300 (LGS), 2018 WL 1472506 (S.D.N.Y. Mar. 22, 2018) ...................10

*Paccar International, Inc. v. Commercial Bank of Kuwait, S.A.K.*,
  757 F.2d 1058 (9th Cir. 1985) ................................................................................. 4

*Paguirian v. Prompt Nursing Employment Agency LLC,*
  286 F. Supp. 3d 430 (E.D.N.Y. 2017) ................................................................. 12

*Pebble Beach Company v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) ............................................................................. 10

*Rano v. Sipa Press, Inc.*,
  987 F.2d 580 (9th Cir. 1993) ................................................................................. 4

*Roberts v. County of Riverside*,
  No. EDCV 19-1877 JGB (SHKx), 2020 WL 3965027
  (C.D. Cal. June 5, 2020) ....................................................................................... 15

*Sifuentes v. Google Inc.*,
  No. 22-cv-03102-JCS, 2023 WL 4181267 (N.D. Cal. June 26, 2023) ............... 2

*Sivilli v. Wright Med. Tech., Inc.*,
  No.: 3:18-cv-02162-AJB-JLB, 2020 WL 2797434
  (S.D. Cal. May 29, 2020) ....................................................................................... 8

*Strifling v. Twitter, Inc.*,
  22-cv-07739-JST, 2024 WL 54976 (N.D. Cal. 2024 Jan. 4, 2024) ..................... 2

*Swanson v. United States Forest Service*,
  87 F.3d 339 (1996) ................................................................................................ 14

*In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales
  Practices, & Producst Liability Litigation*,
  826 F. Supp. 2d 1180 (C.D. Cal. 2011) ............................................................... 15

*Wady v. Provident Life and Accident Insurance Company of America*,
  216 F. Supp. 2d 1060 (C.D. Cal. 2002) ................................................................. 6

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Having once considered and rejected Plaintiff's jurisdictional arguments regarding Defendant Ethical Capital Partners Ltd. ("ECP"), this Court found that "[j]udgment shall be entered in favor of [ECP] and against Plaintiff." Undeterred by this plain and categorical language, Plaintiff's First Amended Complaint (the "FAC"), attemps to drag ECP back into this action. But Plaintiff's FAC does nothing to cure the jurisdictional defects this Court has already found sufficient to dismiss ECP. The Court should again dismiss ECP on jurisdictional grounds.

A consideration of the merits also dooms Plaintiff's claims against ECP. First, Plaintiff concedes—in opposition to the Aylo Defendants' motion to dismiss—her Lanham Act claims should be dismissed. (Dkt. 108 at 6.) And Plaintiff's opposition does nothing to address the fatal flaws in her Trafficking Victims Protection Reauthorization Act ("TVPRA") claims; those claims must be dismissed, as well. Similarly, Plaintiff fails to rebut ECP's contention that the relevant statutes of limitations have all expired as to her state law-based tort claims. Those tort claims have expired and should be dismissed.

Finally, Plaintiff's several procedural errors provide the Court with yet another basis for dismissal. For example, her opposition to ECP's motion improperly incorporates arguments from other opposition briefs. The Court should ignore those arguments. Plaintiff's opposition also ducks the group pleading issue. Her failure to address ECP's group pleading argument constitutes waiver of any opposition.  This defect alone warrants dismissal.

ECP does not belong in this litigation. ECP respectfully requests that its motion be granted and that Plaintiff's claims against ECP be dismissed with prejudice so that ECP's—and the Court's—time and resources are no longer needlessly wasted on this matter.

ETHICAL CAPITAL PARTNERS LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

## II.    ARGUMENT

### A.    Plaintiff Exceeded the Scope of the Court's Leave to Amend by Naming ECP as a Defendant in the FAC

Before even reaching the pleading defects in the FAC, the Court can (and should) dismiss ECP from this case again because the amended pleadings far exceed the scope of the leave to amend granted by the Court. In its order granting Defendants' motions to dismiss the initial Complaint, the Court explicitly dismissed ECP (and MindGeek S.A.R.L.) from the action entirely, finding that "Plaintiff has not demonstrated that the Court can exercise personal jurisdiction over" these entities. (Dkt. 74 at 2.) Underscoring this dismissal, the Court also ruled that "[j]udgment shall be entered in favor of these two Defendants and against Plaintiff at the conclusion of the action." (*Id*. at 23.) The Court granted leave to amend only as to the claims against the remaining Defendants, 9129-1568 Quebec, Inc., Aylo Billing US Corp., Aylo Global Entertainment Inc., Aylo USA Incorporated, MG Billing US Corp., MG Freesites, Ltd, and MindGeek USA Incorporated. (*Id*. at 2.)

Plaintiff ignored the Court's unequivocal ruling. Plaintiff's FAC exceeds the scope of the Court's leave; her claims against ECP should all be dismissed on this basis (and Plaintiff's confusing argument about purported "textual silence" in the Court's clear Order merits no serious consideration). *See Strifling v. Twitter, Inc.*, 2024 WL 54976, at *1-3 (N.D. Cal. 2024 Jan. 4, 2024) (striking claims exceeding scope of leave to amend and collecting similar cases); *Sifuentes v. Google Inc.*, 2023 WL 4181267, at *8 (N.D. Cal. June 26, 2023) (same).

Plaintiff also conflates prejudice with leave to amend: "dismissal with or without prejudice is not synonymous with a dismissal with or without leave to amend." *See L'Occitane, Inc. v. Zimmerman Reed LLP*, 2024 WL 2106957, at *2 n.2 (C.D. Cal. Apr. 25, 2024). As courts have explained, "dismissal for lack of personal jurisdiction does not adjudicate the merits and so should be without prejudice." *Cox v. CoinMarketCap OPCO, LLC*, 112 F.4th 822, 836 (9th Cir. 2024)

2

(collecting cases). The Court's previous order dismissing ECP did just that. Leave to amend, however, is an entirely separate issue. Here, the Court pointedly did *not* grant leave to amend as to ECP; Plaintiff's claims against ECP should all be dismissed for this reason alone.

**B.    This Court Already Found ECP Not Subject to Personal Jurisdiction**

This Court found, "Plaintiff has not demonstrated that the Court can exercise personal jurisdiction over [ECP and] . . . [j]udgment shall be entered in favor of [ECP] and against Plaintiff at the conclusion of the action." (Dkt. 74 at 2, 23.) Neither the FAC nor Plaintiff's opposition provide any basis for Plaintiff to circumnavigate these fundamental and dispositive issues. The Court should (again) dismiss ECP for lack of jurisdiction.

**1.    No Direct Specific Jurisdiction Exists over ECP**

Plaintiff acknowledges the three-part test for establishing specific jurisdiction but fails to make a prima facie showing for any part of it. To establish specific jurisdiction over a non-resident defendant: (1) the defendant "must purposefully direct his activities or consummate some transaction with the forum or resident thereof" or "purposefully avail[] himself of the privilege of conducting activities in the forum . . ."; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities, and[;] (3) the exercise of jurisdiction must comport with fair play and substantial justice." *Herbalife Int'l of Am., Inc. v. Kamel*, 2022 WL 20689748, at *2 (C.D. Cal. Sep. 28, 2022). Plaintiff has the burden of satisfying the first two prongs. *Id.*

Regarding the first prong, Plaintiff points to FAC paragraphs 419-432. These allegations do not help her. In FAC paragraph 423, Plaintiff admits that ECP is not the Defendant with ties to California, but still argues jurisdiction is proper because the ties to California "should be imputed to ECP." (FAC ¶ 423.) The Ninth Circuit has made clear that this is not enough—"[t]he relationship [with the forum] must

3

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

arise out of contacts the defendant himself creates with the forum State." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1210 (9th Cir. 2020).

Plaintiff also cannot meet her burden for prong two; again, it is generally undisputed that ECP was created after the alleged events giving rise to this lawsuit and did not participate in any of the alleged wrongdoing. Any allegation that Plaintiff's image was being used on websites after ECP took control is inconsequential. ECP does not control any of the Aylo Defendants' operations. (*See* Dkt. 103-1 ("Mansour Decl."), ¶ 8.) Plaintiff admits that ECP does not operate any sites owned by any of the Aylo Defendants. (FAC at ¶ 45 ("Aylo Freesites, Ltd. is responsible for operating Aylo's free sites or tub sites, including Pornhub.com"; *id.* at ¶ 70 ("Aylo Premium, Ltd. operates websites including Brazzers.com[.]").)

Finally, for prong three, exercising jurisdiction would certainly not comport with fair play and substantial justice. Because ECP is a foreign defendant, there is "a higher jurisdictional barrier than litigation against a citizen from a sister state." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993) (citations omitted). Here, ECP was not involved with the alleged conduct. Moreover, forcing ECP to litigate in California would be a substantial burden, and asserting jurisdiction over ECP would interfere with "the sovereignty of [the BVI] and the right of [their] courts to resolve disputes involving [their] corporations." *Paccar Int'l, Inc. v. Com. Bank of Kuwait, S.A.K.*, 757 F.2d 1058, 1065 (9th Cir. 1985); *see also Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 114 (1987) ("The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness" of exercising jurisdiction).

2.    Plaintiff Fails to Make a Prima Facie Case for 4(k)(2) Jurisdiction

Plaintiff contends, without citation, that 4(k)(2) jurisdiction is proper over ECP merely because ECP allegedly purchased "the entire Aylo enterprise," which allegedly operates the websites that contributed to Plaintiff's harm and advertises

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

and monetizes in California and the United States. (*See* Dkt. 110 ("Opp.") at 17.) But this Court has already found that being a parent company of the website operators is not enough. Specifically, it found that there can be no 4(k)(2) jurisdiction over Aylo Holdings S.A.R.L., the indirect parent company of the entities that operate the websites, because it did not "commit intentional acts by operating PornHub.com, YouPorn.com, RedTube.com, XTube.com, and/or Tube8.com." (Dkt. 74 at 19 (citing Dkt. 56-2 at ¶ 8-9).) As such, there also cannot be 4(k)(2) jurisdiction over ECP.

Ninth Circuit caselaw supports this finding. Plaintiff's only cited case on this point, *Doe v. WebGroup Czech Republic*, stands merely for the proposition that there can be 4(k)(2) jurisdiction over a website operator, as opposed to the parent company of the website operator. *See* 93 F.4th 442, 453-54 (9th Cir. 2024). This case does not help Plaintiff here. Further, in *Wanat*, the Ninth Circuit even rejected 4(k)(2) jurisdiction against a website operator, finding he did not purposefully direct his activities at the forum even though the website (1) used "geotargeted advertisement," (2) featured "a significant portion of U.S.-based content from . . . U.S.-based models," and (3) had a U.S. viewer base that "comprise[d] 19.21% of the site's total visitors." *Wanat*, 970 F.3d at 1210. Plaintiff attempts an even more attenuated quadruple bank-shot here. ECP's status as the indirect parent company of entities allegedly operating websites that advertise and monetize in the forum is not enough to confer 4(k)(2) jurisdiction.

### 3. Plaintiff Fails to Show an Alter-Ego Relationship

In the opposition, Plaintiff repeats her boilerplate alter-ego elements and incorporates by reference swaths of allegations, none of which establish the necessary basis for alter-ego liability. For element one—unity of interest and ownership—Plaintiff points to paragraphs 343 through 352. (Opp. at 22.) The only paragraph that mentions ECP is 344, which states, "[t]he foreign parent companies, Aylo Holdings S.A.R.L. and ECP exercise *complete control* over the domestic

5

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

subsidiaries[.]" (FAC at ¶ 344 (emphasis in original).) This conclusory assertion is wholly unsupported with any specific allegations; it is simply makeweight. (Dkt. 74 at 5 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."))).) Nonetheless, it is plainly insufficient to establish element one, as it addresses none of the critical factors for determining alter-ego liability. *See Johnston v. Irontown Housing Co., Inc.*, 2014 WL 12531189, at *6 (S.D. Cal. Dec. 9, 2014) (listing alter-ego indicia such as commingling assets, inadequate capitalization, disregard of corporate formalities, and lack of adequate recordkeeping). None of this is alleged. In any event, ECP affirmed it does not commingle assets, is adequately capitalized, observes corporate formalities, and maintains separate corporate records. (Mansour Decl., ¶¶ 12-14.) Plaintiff does not and cannot make a prima facie case as to element one.

For element two—failure to disregard the entities' separate identities would result in fraud or injustice—Plaintiff references FAC paragraphs 409 through 418. (Opp. at 22.) Although difficult to interpret, Plaintiff presumably argues that it is unjust to treat ECP and the Aylo Defendants separately because the new ownership structure was designed "to deny trafficking victims their rights and recovery under the laws of the U.S." (FAC at ¶ 417.) There is not a shred of evidence that supports this. "Conclusory allegations that [Defendant] structures companies to escape liability are insufficient to confer personal jurisdiction." *In re Boon Global Ltd.*, 923 F.3d 643, 654 (9th Cir. 2019). Having not asserted that "inequitable results will follow," "identified any right that will be defeated, or alleged "any prejudice she will suffer" if the corporate wall between ECP and the Aylo Defendants is maintained, Plaintiff has failed to establish alter-ego liability over ECP. *See Wady v. Provident Life and Accident Ins. Co. of Am.,* 216 F. Supp. 2d 1060, 1070 (C.D. Cal. 2002). Plaintiff cannot bootstrap into jurisdiction using her baldly asserted alter-ego theory.

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

4. Plaintiff Fails to Establish Successor-in-Interest Liability

In its Motion, ECP explained, element by element why there is no successor-in-interest liability under any of the four available theories. Plaintiff fails to rebut the fatal flaws to each possible successor theory.

(a) ECP Has Not Expressly or Impliedly Assumed Any Liability of the Aylo Defendants.

"To allege that a company is a successor-in-interest because it expressly or impliedly agreed to assume the liabilities of a predecessor, plaintiff 'must not only plead the existence of an assumption of liability but either the terms of that assumption of liability (if express) or the factual circumstances giving rise to an assumption of liability (if implied)." *Gerritsen v. Warner Bros. Entm't Inc.*, 116 F. Supp. 3d 1104, 1127 (C.D. Cal. 2015). Plaintiff abandons express assumption, but argues implied assumption using the Deferred Prosecution Agreement ("DPA"), claiming without any support that the U.S. Attorney's office would not have authorized the share purchase agreement unless ECP was "taking responsibility for righting the ship and doing right by the victims." (Opp. at 20.) This speculative assertion is baseless and not, in any way, alleged in the FAC. Nor is there any objective factual basis to this statement. The DPA certainly does not say this; nor is there any other evidence suggesting what Plaintiff asserts in opposition. Plaintiff also argues "ECP consented to accept financial responsibility for the harms caused to the trafficking survivors of U.S.-based sex traffickers GDP (including Plaintiff)," but this fanciful inference is not supported with any factual allegations. (Opp. at 20.)

Plaintiff's express or implied assumption arguments are totally speculative. ECP is never referenced directly in the DPA. Further, "ECP is three or more corporate levels removed from the acquired [Aylo] S.A.R.L. and Plaintiff has not alleged a link to ECP through the other entities." (Dkt. 74 (citing Dkt. 103-1, ¶ 6).) At bottom, having failed to even allege a direct connection of ECP to the DPA,

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

Plaintiff utterly fails to establish ECP's acceptance of any debts and liabilities through the DPA. Any argument that the DPA allows Plaintiff to establish ECP's successor liability and associated jurisdiction simply falls flat.

(b)     There Was No Merger and ECP Is Not a Mere Continuation of Aylo Holdings S.A.R.L.

For both the consolidation or merger and mere continuation grounds for successor liability, Plaintiff must demonstrate "(1) no adequate consideration was given for the predecessor corporation's assets and made available for meeting the claims of its unsecured creditors; (2) one or more persons were officers, directors, or stockholders of both corporations." *CenterPoint Energy, Inc. v. Sup. Ct.*, 157 Cal. App. 4th 1101, 1121 (2007). As to element one, Plaintiff has yet to address the Court's finding that "[t]he failure to tie ECP directly with the acquisition of all of [Aylo] S.A.R.L.'s shares make[s] it difficult to infer that ECP was involved in the acquisition let alone provided inadequate consideration for it." (Dkt. 74 at 22 (internal quotations omitted).) Plaintiff has no response to this critical finding. She ignores it. ECP is in fact three or more corporate levels removed from the acquired Aylo Holdings S.A.R.L. (Mansour Decl., ¶ 6; *see also* FAC at ¶ 124-126.)

As to element two, Plaintiff claims that she does not have the necessary information. Not so. ECP has already confirmed that neither co-director of ECP is an officer, director, or shareholder of any of the Aylo Defendants. (*See* Mansour Decl., ¶ 10.) And it is of course important here to note that the Aylo Defendants still exist, so there is no basis for successor liability under the mere continuation exception.

Attempting to establish continuation in the face of these insurmountable facts, Plaintiff superficially lists the elements and simply ignores that "imposition of successor liability under the 'mere continuation' doctrine requires that the predecessor entity that was purportedly acquired by the successor entity no longer exist." *Gerritsen*, 116 F. Supp. 3d at 1133; *see also Sivilli v. Wright Med. Tech.*,

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

*Inc.*, 2020 WL 2797434, at \*5 (S.D. Cal. May 29, 2020) (rejecting plaintiff's attempt to apply the continuation exception where plaintiff was also pursuing claims against predecessor). Plaintiff admits that the predecessor entities all presently operate in her FAC and opposition. (*See* FAC ¶¶ 30, 43, 66, 91, 103, 113 (each Aylo Defendant rebranded from "MindGeek" and that they "[are] the same compan[ies] and for purpose of this First Amended Complaint will be used synonymously and interchangeably"); Opp. at 20 ("Pornhub and its sister sites continued without interruption[.]").) Plaintiff's successor/continuation theory does not withstand the slightest scrutiny.

> (c) ECP Did Not Engage In Any Transaction for the Purpose of Escaping Liability for Debts

In another attempt to establish successor liability, Plaintiff resorts to pure fiction with the unsupported conclusion that "ECP was created to transfer and hide assets" and "bail out the Aylo-Pornhub enterprise from the consequences of their [actions.]" (Opp. at 13, 18.) Conclusory labels are insufficient to create a plausible inference of successor liability. *Gerritsen*, 112 F. Supp. 3d at 1141 (plaintiff failed to plausibly plead successor liability based on fraudulent purpose theory because "conclusory allegations of control" are insufficient to confer personal jurisdiction); *see also In re Boon Global Ltd.*, 923 F.3d at 654 ("Conclusory allegations that [a party] structures companies to escape liability are insufficient to confer personal jurisdiction. Something more is needed.").

Plaintiff's conclusory allegations are not entitled to the presumption of truth; her argument in opposition that ECP has admitted anything by not addressing each of Plaintiff's vague and unsubstantiated conclusions is simply wrong. *See Iqbal*, 556 U.S. at 681 ("To be clear, we do not reject these bald allegations on the ground that they are unrealistic or nonsensical . . . It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."). In fact, Plaintiff's vague and sweeping conclusory

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

allegations, which essentially assume the conclusion she seeks, can be largely disregarded. They are supported with no specific facts, alleged or otherwise; rather, they are contradicted by the record. For example, as Plaintiff alleges herself, ECP subsidiaries acquired Aylo Holdings S.A.R.L.'s shares before certain Aylo Defendants entered into the DPA. (*See* FAC ¶¶ 123, 617; *see also* Mansour Decl., ¶ 6.) Clearly, the acquisition was not to avoid liabilities. Plaintiff's argument that ECP knew that "through hearings, investigations, and admissions it became clear that somewhere around 80% of its content was not consensual and therefore not lawful" does not suggest an intent to transfer or hide assets, or an intent to perpetrate a fraud. (*See* Opp. at 18.)

               (d)     ECP Did Not Consent to Nationwide U.S. Jurisdiction

Plaintiff confusingly asserts successor liability is appropriate because "ECP consented to the [j]urisdiction of the U.S." pursuant to the DPA. (Opp. at 19.) To the extent one can discern a cogent argument here, it has nothing to do with ECP, which is not party to the DPA. The fact that other Defendants agreed to the DPA while ECP was a parent in no way shows ECP directed any activities to the United States, let alone to California. *See Nypl v. JPMorgan Chase & Co.*, 2018 WL 1472506, at *6-7 (S.D.N.Y. Mar. 22, 2018) (deferred prosecution agreement did not confer personal jurisdiction upon two holding companies because it "contains no allegations of suit-related conduct specific to" them, as opposed to their subsidiaries). ECP is a BVI entity that conducts no business in California or any other state in the United States. (Mansour Decl., ¶ 2-3.) Here, ECP is not even mentioned in the DPA, but Plaintiff still repeatedly argues it is a basis to hale ECP into this Court. And even if ECP *were* mentioned in the DPA, as this Court has already held, that would not a basis to impute any of the Aylo Defendants contacts to ECP. (Dkt. 74 at 22 ("Being mentioned in the [DPA] as new ownership also does not rise to the day-to-day control required to impute the subsidiary's contacts to the parent.").) This argument should be rejected wholesale.

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

**C.     As The Court Has Already Found, Plaintiff's "Fishing Expedition" Request for Jurisdictional Discovery Is Unwarranted**

Plaintiff's renewed request for jurisdictional discovery is yet another unwarranted and desperate attempt to keep ECP in this case. This Court denied Plaintiff's previous request for jurisdictional discovery when it granted ECP's dismissal motion in June 2024, ruling that Plaintiff's request "would likely be a fishing expedition and is not warranted." (Dkt. 74 at 23.) Nothing has changed. The Court should again reach the same conclusion and reject Plaintiff's request for jurisdictional discovery. When, as here, "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quotation omitted). Plaintiff has failed to offer any new basis for costly and time-consuming jurisdictional discovery against ECP. The Court should again deny Plaintiff's request for broad discovery from an entity that has no business here. *See Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 997-98 (C.D. Cal. 2013) (denying "fishing expedition" request).

**D.     Plaintiff's FAC Against ECP Also Fails on the Merits**

1.     Each of Plaintiff's Claims Against ECP Lack Essential Elements and Must Be Dismissed with Prejudice

Consideration of Plaintiff's claims against ECP on the merits exposes incurable defects warranting dismissal. Plaintiff's TVPRA claims fail for several reasons. The statute does not offer civil remedies for an attempted violation. Plaintiff does not allege any Defendant actually *advertised* sexual services offered by Plaintiff. And Plaintiff pleads no facts showing ECP agreed to violate the TVPRA, as she must to establish conspiracy. Her state law tort claims have expired. Finally, Plaintiff concedes that her Lanham Act claims should be dismissed.

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

(a)    The Law Does Not Permit Civil Claims for "Attempted" Violations of the TVPRA

Plaintiff's opposition ignores caselaw that plainly holds her baseless claim for "attempted" violation of the TVPRA has no basis in the law.[1] *See*, *e.g.*, *Barrientos v. CoreCivic, Inc.*, 2023 WL 2666852, at *4, n.4 (M.D. Ga. Mar. 28, 2023) ("18 U.S.C. § 1595(a) only provides a civil remedy for an 'individual who is a victim of a violation' of the TVP[R]A . . . Plaintiffs did not point to any authority that a person who is impervious to attempted coercion is nonetheless a 'victim' within the meaning of § 1595(a)."). Her opposition to the Aylo Defendants' motion does not cite a single case (or other authority) holding otherwise. The FAC's fourth claim for "attempted" violation of the TVPRA must be dismissed.

(b)    Plaintiff Fails to Plead ECP Ever Advertised Her Services

Plaintiff's reliance on *G.G. v. Salesforce.com, Inc.* to save her second claim for advertising in violation of the TVPRA is sorely misplaced. In fact, that case only highlights why there can be no liability against ECP here. As Plaintiff points out, the court allowed an advertising claim to proceed when the plaintiff alleged that a trafficker was "advertising G.G. *for sale*" on a website called "Backpage" that was well known as an online "hub" for "adult advertisements" and "pimping[.]" 76 F.4th 549, 552 (7th Cir. 2023) (emphasis added). In contrast, Plaintiff here can only allege that the videos in question were posted on pornographic websites. These videos only depicted conduct that had already occurred and did not reference any future availability for commercial sex acts in the future. Plaintiff does not, and cannot, "allege that her videos were posted in the form of an advertisement to users that she

---

[1] These arguments are not reflected in Plaintiff's opposition to ECP's motion. Instead, Plaintiff has simply (and improperly) incorporated them by reference to other briefs. The Court should ignore these improperly incorporated arguments, but ECP addresses them here to ensure ECP's position is clear.

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

might be available for *future* sex acts," warranting dismissal. *See Fleites v. MindGeek S.A.R.L.,* 617 F. Supp. 3d 1146, 1160 (C.D. Cal. 2022) (emphasis added).

    (c)  Plaintiff Has Waived Any Argument That ECP Joined a Conspiracy to Violate the TVPRA by Failing to Address the Point in Her Opposition

  Plaintiff fails to identify a single fact or allegation, either in her opposition to ECP's motion or the opposition to the Aylo Defendants' motion, that suggests ECP assented to join "an agreement to violate the prohibition on" trafficking. *Paguirian v. Prompt Nursing Emp't Agency LLC*, 286 F. Supp. 3d 430, 440 (E.D.N.Y. 2017) (internal citations omitted). By failing to address ECP's point here, Plaintiff has waived any argument and the conspiracy claim must be dismissed. *See Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (finding that plaintiff abandoned claims by not raising them in opposition to motion); *see also Novalk, LLC v. Kinsale Ins. Co.*, 2021 WL 4134741, at *2 (S.D. Cal. Sept. 10, 2021) ("[W]here the non-moving party fails to address an argument raised by the moving party in the opposition brief, the Court may consider any arguments unaddressed by the non-moving party as waived."); *Lessin v. Ford Motor Co.*, 2024 WL 4713898, at *4 (S.D. Cal. Nov. 7, 2024) (granting summary judgment on breach of express warranty claim when Plaintiff did not address Ford's argument in opposition papers).

    (d)  Plaintiff Concedes Dismissal of Her Lanham Act Claims

  In her opposition to the Aylo Defendants' motion to dismiss, Plaintiff concedes that her claims for false advertising and false endorsement under the Lanham Act should be dismissed. *See* Dkt. 108 at 6. The Court should dismiss the fifth and six causes of action with prejudice.

    (e)  Plaintiff's California Law-Based Tort Claims Are All Time-Barred

  As this Court has already found, Plaintiff failed to explain how adding tags to a video would direct the content to a new audience and thus constitute republication

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

for purposes of tolling or resetting the statute of limitations. (Dkt. 74 at 16.) In her opposition the Aylo Defendants' motion,[2] Plaintiff extensively discusses search engine optimization and methods used to entice "new audiences" to view the videos. Even if that were true, it would not change the analysis here—optimizing searches or using tags on a website does not amount to republication. *See Clark v. Viacom Int'l Inc.*, 617 F. App'x 495, 507 (6th Cir. 2015) ("Simply alerting a new audience to the existence of a preexisting statement does not republish it."). These claims concern a video that was posted nearly a decade before Plaintiff filed her case, and the statute of limitations has long passed. These state-law tort claims are time-barred and, since they cannot be cured on amendment, should be dismissed with prejudice. *See Cambron v. Starwood Vacation Ownership, Inc.*, 945 F. Supp. 2d 1133, 1146 (D. Haw. 2013) (dismissing amended complaint with prejudice when "[a]llowing further amendment would be futile.").

### E.    Plaintiff's Procedural Failures Provide Yet Another Basis for Dismissal

1.    Plaintiff's Opposition Runs Afoul of the Local Rules and Controlling Ninth Circuit Authority by Improperly Incorporating Large Portions of Another Brief

Plaintiff improperly attempts to incorporate, wholesale, her argument in opposition to the motion to dismiss filed by the Aylo Defendants. (*See* Dkt. 110 at 27.) This is a transparent, improper attempt to circumvent the 7,000-word limit imposed by Local Rule 11-6.2. It is unreasonable to require ECP to interpret which arguments Plaintiff incorporates and which ones she does not, especially when, as here, Plaintiff does not cite with any particularity the portions of the brief upon which she relies. In fact, Plaintiff only mentions ECP *twice* in the entire 15-page argument section in the opposition to the motion to dismiss filed by the Aylo

---

[2] Again, these arguments are only incorporated by Plaintiff, from a separate brief responding to a different motion than what ECP filed.

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

Defendants, and in each of these references, ECP's supposed conduct is simply lumped in with that of other Defendants. (*See* Dkt. 108 at 10-25.)

The brief Plaintiff attempts to incorporate by reference concerns different Defendants accused of different conduct. It would be patently unfair to force ECP to divine what, specifically, Plaintiff intends to raise as points in opposition to the arguments raised by ECP in its Motion (which, to be clear, are not identical to arguments raised by the Aylo Defendants).

Ninth Circuit precedent makes it clear that Plaintiff has now forfeited any opposition to the arguments raised in ECP's motion with respect to the substantive defects in FAC's claims under FRCP 126(b)(6). *See Foley v. Graham*, 2022 WL 1714293, at *1 (9th Cir. May 27, 2022) ("We do not consider arguments incorporated by reference into the briefs."); *see also McCracken v. Thor Motor Coach Inc.*, 2015 WL 13566918, at *2 (D. Ariz. Dec. 3, 2015) (holding that "it would not be fair to require opposing counsel to engage in hunting expeditions either. Incorporating prior arguments by reference in motion papers is generally ignored by the Court."); *Flores v. Bennett*, 635 F. Supp. 3d 1020, 1029 (E.D. Cal. 2022) ("Generally, courts do not allow incorporation by reference of arguments or 'substantive materials' not contained within the relevant motions' briefs."); *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 345 (1996) (explaining that "the incorporation of substantive material by reference is not sanctioned by the federal rules at issue, and the district court did not abuse its discretion in striking the incorporations."). The Court should ignore the improperly "incorporated" arguments.

        2.    Plaintiff's Fatally Flawed Group-Pleading Allegations Warrant Dismissal of All Claims Against ECP

Plaintiff makes no effort, either in the FAC or her opposition, to specify exactly what wrongful conduct ECP is being accused of. Even if the Court considered Plaintiff's argument improperly incorporated from another brief (and, as explained above, it should not), that argument completely fails to identify any

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

conduct ECP—several corporate layers removed from other Defendants—engaged in that could support Plaintiff's claims. (*See*, *e.g.*, Dkt. 108 at 24: "Aylo and ECP continued to use the popularity of Plaintiff's name as 'click bait' via Aylo's algorithms and SEO technology to generate website traffic and revenue until 2024.") This "lack of differentiation in the allegations against multiple defendants is cause for dismissal pursuant to Rule 8[.]" *Roberts v. Cty. of Riverside*, 2020 WL 3965027, at *3 (C.D. Cal. June 5, 2020). Plaintiff's muddled, collective allegations make it "it [] impossible to tell which Defendant did what allegedly wrongful conduct." *Armstrong v. Investor's Bus. Daily, Inc.*, 2018 WL 6787049, at *10 (C.D. Cal. Dec. 21, 2018) (granting motion to dismiss); *see also In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prod. Liab. Litig.*, 826 F. Supp. 2d 1180, 1206 (C.D. Cal. 2011) (dismissal is required for "wholesale failure to meaningfully differentiate among the Defendants"); *818 Media Prods., LLC v. Wells Fargo Bank, N.A.*, 2017 WL 3049565, at *4 (C.D. Cal. Feb. 9, 2017) (granting motion to dismiss; "[b]y grouping Wells Fargo Bank and Wells Fargo Advisors together, the Complaint violates the threshold pleading requirements of Rule 8 because Defendants lack notice as to the factual and legal basis for the claims against them.").

ECP raised this fatal group pleading issue in its moving papers. (*See* Dkt. 103 at 25-26.) Plaintiff ignored these issues in her opposition, waiving any argument that her claims should not be dismissed based on improper group pleading. *See Jenkins*, 398 F.3d at 1095 n.4 (finding that plaintiff abandoned claims by not raising them in opposition to motion).

## III.    CONCLUSION

For all the reasons stated herein, the motion should be granted and ECP should be dismissed from this case on jurisdictional and substantive grounds, with prejudice.

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

DATED:  February 19, 2025          WAYMAKER LLP


                                   By:  /s/ Ryan G. Baker
                                        RYAN G. BAKER
                                        Attorneys for Defendant
                                        Ethical Capital Partners Ltd.

ETHICAL CAPITAL PARTNERS, LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT

**CERTIFICATE OF COMPLIANCE**

Pursuant to L.R. 11-6.2, the undersigned, counsel of record for Defendant Ethical Capital Partners Ltd., certifies that, based on the word processing program used to prepare this memorandum of points and authorities, the memorandum of points and authorities contains 5,198 words (including headings, footnotes, and quotations but excluding the caption, the table of contents, the table of authorities, the signature block), which complies with the word limit of L.R. 11-6.1 (7,000 words).

DATED: February 19, 2025          WAYMAKER LLP


By:  /s/ Ryan G. Baker
     RYAN G. BAKER
     *Attorneys for Defendant Ethical Capital Partners Ltd.*

ETHICAL CAPITAL PARTNERS LTD.'S REPLY ISO MOTION TO DISMISS FIRST AMENDED COMPLAINT