1  DAVID A. STEINBERG (SBN 130593)
      das@msk.com
2  MARC E. MAYER (SBN 190969)
      mem@msk.com
3  EMILY F. EVITT (SBN 261491)
      efe@msk.com
4  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
5  Los Angeles, CA 90067-3120
   Telephone: (310) 312-2000
6  Facsimile: (310) 312-3100

7  Attorneys for Defendants
   Aylo Global Entertainment, Inc., Aylo
8  USA Incorporated, Aylo Holdings
   S.à r.l., Aylo Billing US Corp., Aylo
9  Freesites Ltd., 9219-1568 Quebec, Inc.,
   and Aylo Premium Ltd

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, f/k/a KRISTY ALTHAUS, an individual, <br><br> Plaintiff, <br><br> v. <br><br> AYLO GLOBAL ENTERTAINMENT INC., a Delaware corporation; AYLO USA INCORPORATED, a Delaware corporation; AYLO BILLING US CORP., a Delaware corporation; ETHICAL CAPITAL PARTNERS, a foreign entity; MINDGEEK S.A.R.L., a foreign entity; MG FREESITES, LTD., d/b/a "PORN HUB," a foreign entity; MINDGEEK USA INCORPORATED, a Delaware corporation; 9219-1568 QUEBEC, INC., a foreign entity; and MG BILLING US CORP., a Delaware corporation, <br><br> Defendants. | CASE NO. 2:23-cv-07488-MWF-AGR <br><br> Judge Michael W. Fitzgerald <br><br> **STIPULATION TO STRIKE DISMISSED CLAIMS AND PARTY AND FILE THIRD AMENDED COMPLAINT** <br><br> [(Proposed) Order filed concurrently herewith] |

# STIPULATION

Plaintiff Jane Doe f/k/a Kristy Althaus ("Plaintiff"), Defendants Aylo Global Entertainment, Inc., Aylo USA Incorporated, Aylo Billing US Corp., Aylo Freesites Ltd., 9219-1568 Quebec, Inc., and Aylo Premium Ltd (collectively, the "Aylo Defendants"), and Defendant Aylo Holdings S.à r.l. hereby stipulate as follows:

WHEREAS, Plaintiff filed her original Complaint on September 8, 2023. ECF 1.

WHEREAS, on September 3, 2024, Plaintiff filed her First Amended Complaint ("FAC"). ECF 81. In response to the FAC, all of the defendants filed motions to dismiss. *See* ECF 101, 102, 103.

WHEREAS, after the motion to dismiss of the Aylo Defendants and Aylo Holdings S.à r.l., Plaintiff agreed to the dismissal of her Fifth and Sixth Causes of Action for violation of the Lanham Act. *See* ECF 108 at 6.

WHEREAS, on April 15, 2025, the Court issued an Order dismissing defendant Ethical Capital Partners ("ECP") without leave to amend; granting in part and denying in part Aylo Holdings S.à r.l.'s Rule 12(b)(2) motion to dismiss; dismissing Plaintiff's Second Cause of Action (TVPRA advertising), Fourth Cause of Action (TVPRA attempt), Fifth Cause of Action (Lanham Act) and Sixth Cause of Action (Lanham Act); and ordering OSC briefing regarding whether to allow jurisdictional discovery as to Aylo Holdings S.à r.l. and regarding Plaintiff's Eighth through Twelfth Causes of Action. *See* ECF 133. The parties filed OSC briefing in response. *See* ECF 135, 136, 141.

WHEREAS, on August 4, 2025, the Court issued an Order after considering the OSC responses. ECF 142. The Court granted Plaintiff's request for limited jurisdictional discovery as to Aylo Holdings S.à r.l., and ordered the parties to meet and confer and propose deadlines for jurisdictional discovery and the filing of an amended complaint. ECF 142, at 5. The Court also ordered:

> The Aylo Defendants' Motion to Dismiss (Docket No. 101) is GRANTED with leave to amend as to Plaintiff's Eighth through Twelfth Claims only. Plaintiff may file a Second Amended Complaint ("SAC") by no later than August 29, 2025.

ECF 142, at 8.

WHEREAS, on August 29, 2025, Plaintiff filed her Second Amended Complaint ("SAC"). Plaintiff interpreted the Court's order (ECF 142) as leave to amend only allegations pertaining to her Eighth through Twelfth claims and the single publication rule, but prohibiting her from making any other changes to the FAC. Plaintiff therefore used footnotes to identify struck claims and parties in the SAC without making other changes. *See, e.g.,* ECF 143, at 6, fn.1. Prior to Plaintiff filing the SAC, the parties confirmed their mutual understanding of the dismissed claims and party.

WHEREAS, the Aylo Defendants are prepared to file an Answer in response to Plaintiff's complaint rather than engage in further motion practice. Prior to filing their Answer, the Aylo Defendants seek to confirm the remaining allegations following the dismissal of four causes of action and one defendant. The parties therefore seek a complaint that conforms to the Court's prior orders.

WHEREAS, counsel for Aylo Holdings S.à r.l. has conferred with Plaintiff's counsel about deadlines for jurisdictional discovery and the filing of an amended complaint related to jurisdictional allegations as directed by the Court's order (ECF 142, at 5).

NOW THEREFORE, the parties stipulate as follows:

Plaintiff, upon approval of the Court, will file a Third Amended Complaint ("TAC") on or before the later of **October 10, 2025**, or within fourteen (14) days of said Order.

Plaintiff agrees to remove *at least* the following Paragraphs from her SAC (and renumber the TAC accordingly):

- Paragraphs 219-241
- Paragraphs 812-829
- Paragraphs 851-909

In addition, Plaintiff agrees to strike ECP as a named party defendant and to update the caption and SAC Paragraphs 120-138 accordingly. Plaintiff similarly agrees to relocate and reframe SAC Paragraphs 353-437.

Plaintiff further agrees to review all allegations in the SAC and remove any allegations, or portions thereof, on which she is no longer relying for her remaining causes of action.

The Aylo Defendants agree to file an Answer to the TAC on or before the later of **October 30, 2025**, or within twenty (20) days of filing of the TAC.

Once the Aylo Defendants file an Answer, the parties agree that the case will be at issue, and Plaintiff and the Aylo Defendants agree to conduct a Rule 26 conference and submit a joint report.

Aylo Holdings S.à r.l. expressly reserves all rights, including, but not limited to (i) the right to respond to any amended complaint that may be filed following the completion of the limited jurisdictional discovery ordered by the Court (ECF 142, at 8); and (ii) the right to renew its motion to dismiss pursuant to Rule 12(b)(2) following completion of said jurisdictional discovery. Provided that Plaintiff's amendment of the complaint following the jurisdictional discovery ordered by the Court (ECF 142, at 8) is limited to only new jurisdictional allegations, Aylo Holdings S.à r.l. agrees not to file a Rule 12(b)(6) motion challenging any amended complaint.

**RESPECTFULLY SUBMITTED**

*[Signatures on following page]*

| | | |
|---|---|---|
| DATED: September 22, 2025 | | BOUCHER LLP |

By: */s/ Amanda J.G. Walbrun*
Raymond P. Boucher (SBN 115364)
Amanda J.G. Walbrun (SBN 317408)
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367
Telephone: (818) 340-5400
Facsimile: (818) 340-5401
Email: ray@boucher.la
　　　　walbrun@boucher.la

DATED: September 22, 2025    BURG SIMPSON
ELDREDGE HERSH & JARDINE, P.C.

By: */s/ Morgan L. Carroll*
David K. TeSelle, Pro Hac Vice
Morgan L. Carroll, Pro Hac Vice
40 Inverness Drive East
Englewood, Colorado 80112
Telephone: (303) 792-5595
Facsimile: (303) 708-0527
Email: dteselle@burgsimpson.com
　　　　mcarroll@burgsimpson.com

DATED: September 22, 2025    DAVID A. STEINBERG
MARC E. MAYER
EMILY F. EVITT
MITCHELL SILBERBERG & KNUPP LLP

By: */s/ Emily F. Evitt*
　　David A. Steinberg
　　Marc E. Mayer
　　Emily F. Evitt
　　Attorneys for the Aylo Defendants and
　　Aylo Holdings S.à r.l.

**Attestation Regarding Signatures-Local Rule 5-4.3.4(a)(2)(i)**

I, Emily F. Evitt, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: September 22, 2025

*/s/ Emily F. Evitt*
Emily F. Evitt