UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, f/k/a KRISTY ALTHAUS, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>AYLO GLOBAL ENTERTAINMENT INC., a Delaware corporation; AYLO USA INCORPORATED, a Delaware corporation; AYLO BILLING US CORP., a Delaware corporation; AYLO HOLDINGS S.A.R.L., a foreign entity; AYLO FREESITES, LTD., d/b/a "PORN HUB," a foreign entity; 9219-1568 QUEBEC, INC., a foreign entity; and AYLO PREMIUM LTD., a foreign corporation,<br><br>    Defendants. | CASE NO. 2:23-cv-07488-MWF-AGR<br><br>Judge Michael W. Fitzgerald<br><br>DISCOVERY MATTER REFERRED TO MAGISTRATE JUDGE ALICIA G. ROSENBERG<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>NOTE CHANGES MADE BY COURT |

1.    A.    <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order governing protected information prior to trial in this case. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.5, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B.    <u>GOOD CAUSE STATEMENT</u>

**Plaintiff's Good Cause Statement:** "It is 'well-established' in our case law that discovery is 'presumptively public.'" *Cordero v. Stemilt AG Services, LLC*, 142 F.4th 1201, 1207 (9th Cir. 2025) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.—N. Dist. (San Jose)*, 187 F.3d 1096, 1103 (9th Cir. 1999)). Both the federal common law and Federal Rules of Civil Procedure provide a right of access to court records. *San Jose*, at 1099, 1101-02. "Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Cordero,* at 1207 (quoting *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) (*Phillips*)). In particular, the Ninth Circuit "strongly favors access to discovery materials" for individuals engaged in other litigation because "[a]llowing the fruits of one litigation to facilitate preparation in other cases

advances the interests of judicial economy by avoiding the wasteful duplication of discovery." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003).

"Rule 26(c) authorizes a district court to override this presumption [for public records] where 'good cause' is shown." *San Jose*, 187 F.3d at 1103. "If a court finds particularized harm that would result from public disclosure it must 'balance[] the public and private interests to decide whether a protective order is necessary.'" *Cordero*, at 1207 (quoting *Phillips*, 307 F.3d at 1211).

Due to the nature and notoriety of Plaintiff's claims as a survivor of sex trafficking, discovery in this Action will involve the production of Plaintiff's private and sensitive information for which special protection is warranted.  There is a compelling interest in protecting Plaintiff's privacy and safety by shielding her identifying information from the public.  Plaintiff is routinely harassed, stalked, and assaulted by members of the public related to the claims alleged in this Action. Plaintiff has been forced to change her name.  Plaintiff is expressly granted use of the pseudonym "Jane Doe f/k/a Kristy Althaus" in this Action.  In addition, both federal and state sex trafficking, sexual assault, and other applicable rape shield laws exist to protect the privacy of survivors like Plaintiff (including but not limited to U.S. Const. Amend. XIV § 1, Fed. R. Evid. 412, Cal. Const., Art. 1 § 1, Cal. Evid. Code §§ 782, 783, 1035.8, 1103, 1106, Cal. Code Civ. Proc. § 2017.220.)  Plaintiff therefore submits that there is good cause to protect Plaintiff's identity, contact information, location of residence, and other private or personally identifying information from public disclosure with a protective order.

Furthermore, given the scope of this Action, it is impracticable to give notice to each individual whose personal information may be the subject of discovery in this Action, there is good cause for the protections and procedures set forth herein to adequately protect against the improper disclosure or unauthorized use of third-parties' personal identifying information, including by use of limited redactions.

STIPULATED PROTECTIVE ORDER

**Defendants'[1] Good Cause Statement:**    Defendants agree to protect Plaintiff's identity, contact information, location of residence, and other private or personally identifying information from public disclosure with a protective order.

This Action is likely to involve discovery of corporate trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), system design, database design, algorithms, technology, technical data or information, vendor agreements, claim/litigation information, nonpublic policies and procedures, personal identifying information, sensitive personal information, information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state, federal, or foreign statutes, court rules, case decisions, or common law (including but not limited to California Consumer Privacy Act, EU's General Data Protection Regulation, Canada's Consumer Privacy Protection Act, and Quebec's Act Respecting The Protection of Personal Information In The Private Sector), or any other information that a party is obligated to preserve as confidential, including all information compiled, derived, excerpted, or generated from such materials.

**Joint Statement:** Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep

---

[1] "Defendants" are Aylo Global Entertainment Inc., Aylo USA Incorporated, Aylo Billing US Corp., Aylo Freesites Ltd, 9219-1568 Quebec Inc., Aylo Premium Ltd, and Aylo Holdings S.à r.l.

confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that each designated document has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>:    this pending federal lawsuit, *Jane Doe v. Aylo Global Entertainment Inc. et al.*, No. 2:23-cv-07488-MWF-AGR (C.D. Cal.).

2.2    <u>Challenging Party</u>:    a Party or Non-Party that challenges the confidentiality designation of information or items in this Action.

2.3    <u>"CONFIDENTIAL" Information or Items</u>:    information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)—that is, information or tangible things that, if disclosed, will cause a clearly defined and serious injury to the Producing Party that outweighs the public's interest in disclosure.  Examples of such information include: information protected by the U.S. Constitution or California state Constitution rights to privacy (e.g., third-parties' Social Security Number, Medical Record Numbers, or taxpayer-identification numbers, names of minor children, or financial account numbers); a Trade Secret; or research, development, or commercial information that is of a highly competitively sensitive nature and that a reasonably prudent business person in the applicable field would not release to or share with the public in the ordinary course of business, and the release of which would likely cause severe proprietary, competitive, or economic harm to the Producing Party if disclosed.  CONFIDENTIAL Information or Items

does not include any information that: is publicly available at the time of disclosure; becomes publicly available after disclosure through no fault of the Receiving Party; was known to the Receiving Party prior to disclosure; the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure; is independently obtained through FOIA, CPRA, California Constitution Art. 1 § 3(b) or other similar public records act; or was widely disseminated. *See also* Sections 12.3-12.4.

2.4   <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5   <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  The Designating Party bears the burden of establishing good cause for the confidentiality of all such information or items.

2.6   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7   <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action or for a greater scope of work that includes this Action.  This definition includes a professional jury or trial consultant retained in connection with this Action.

2.8   <u>"HIGHLY CONFIDENTIAL" Information or Items</u>:   information (regardless of how it is generated, stored or maintained) or tangible things designated as "HIGHLY CONFIDENTIAL" pursuant to the terms of this Order. HIGHLY CONFIDENTIAL information or items consist of any CONFIDENTIAL information or items that is so competitively or personally sensitive that it is entitled

STIPULATED PROTECTIVE ORDER

to extraordinary protections, or otherwise warrants such designation due to its extreme sensitivity, propriety or personal nature such that, if disclosed, it will cause a clearly defined injury to the Producing Party that outweighs the public's interest in disclosure.  For example, Plaintiff's PII (as defined in Paragraph 2.14 below) is HIGHLY CONFIDENTIAL.  During depositions, HIGHLY CONFIDENTIAL information or items should be redacted from exhibits to the extent the information is not necessary or related to the deponent's testimony.

2.9    House Counsel:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10    Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11    Outside Counsel of Record:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.12    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.13    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14    Plaintiff's PII: Plaintiff's personal identifying information including, but not limited to, any private information which by a reasonable probability could be used to identify or locate Plaintiff such as Plaintiff's name(s), alias(es), date of birth, telephone number(s), current and prior mailing and work addresses, email address(es), medical records number(s), financial or tax record number(s), educational & employment record number(s), social media, sexual history (outside what is set forth in the operative complaint in the Action), photographs or other

7

depictions of Plaintiff's unique physical attributes or biometric data), social security number, passport number, and driver's license number.

2.15    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, or retrieving data in any form or medium, or court reporters, stenographers, videographers) and their employees and subcontractors.

2.16    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in accordance with Section 5 (Designating Protected Material), unless the confidentiality designation is challenged and: (a) the Court decides such material is not entitled to protection as confidential; (b) the Designating Party fails to apply to the Court for an order holding that the material is entitled to protection within the time period specified below; or (c) the Designating Party withdraws its confidentiality designation in writing.

2.17    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    <u>Trade Secret(s)</u>:  information like a formula, pattern, compilation, program, device, method, technique, or process that the holder took reasonable precautions to prevent disclosing publicly and that: (i) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or

STIPULATED PROTECTIVE ORDER

extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. **This Order does not govern the use of Protected Material at trial.** *See* Sections 4 & 13. Nothing in this Order shall be construed as an agreement by any Party as to whether any other Party will be able to demonstrate good cause or compelling reasons, as applicable, to seal any material in any filing on the docket or at trial.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  However, this Order does not govern the use of Protected Material at trial. Protected Material used at trial becomes public absent a separate court order upon motion supported by a legally sufficient showing. ~~The Parties agree that the use and disclosure of Protected Material at trial shall be governed by a separate stipulated protective order to be entered for purposes of trial ("Trial Protective Order").  Protected Material that was designated as Confidential or Highly Confidential in discovery shall not be given any presumption of confidentiality at trial, but rather shall be assessed based on the Trial Protective Order, which shall be facilitated by agreement of the Parties or as determined by the Court through~~

1    ~~controlling case law and relevant public policy. Until the Trial Protective Order is~~
2    ~~entered, Protected Material may not be used or disclosed at trial.~~

3

4    5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5        5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
6    Each Party or Non-Party that designates information or items for protection under
7    this Order must take care to limit any such designation to specific material that
8    qualifies under the appropriate standards.  The Designating Party must designate for
9    protection only those parts of material, documents, items, or oral or written
10   communications that qualify for good cause, so that other portions of the material,
11   documents, items, or communications for which protection is not warranted are not
12   swept unjustifiably within the ambit of this Order.

13       Mass, indiscriminate, or routinized designations are prohibited. Designations
14   that are shown to be clearly unjustified or that have been made for an improper
15   purpose (e.g., to unnecessarily encumber the case development process or to impose
16   unnecessary expenses and burdens on other parties) may expose the Designating
17   Party to sanctions.

18       5.2    <u>Redaction Protocol</u>.  Producing Parties shall designate information or
19   items in a way that provides the greatest level of disclosure possible, while still
20   preserving confidentiality where necessary.  Each Designating Party must use good
21   faith efforts to limit any such designation to the specific material that qualifies for
22   protection.  If only part of a document contains CONFIDENTIAL or HIGHLY
23   CONFIDENTIAL information, the whole document shall not be designated
24   confidential.  Instead, whenever it is feasible and not unduly burdensome to protect
25   non-responsive CONFIDENTIAL or HIGHLY CONFIDENTIAL information
26   through targeted redactions, the Designating Party shall use redactions in lieu of
27   blanket confidentiality designations. Redactions to Plaintiff's PII and third-party
28   personal identifying information shall be made in accordance with L.R. 5.2-1 and

Federal Rule of Civil Procedure 5.2. Redactions shall be narrowly tailored to the specific information claimed to be protected (e.g., personal identifiers or Trade Secrets), and the remainder of the document shall remain public and not designated as confidential.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.3    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.3(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making redactions or appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which

documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate redactions or markings in the margins).

(b)    For testimony given in depositions ~~or other pretrial proceedings~~ that the Designating Party identifies the Protected Material on the record, before the close of the deposition ~~or other pretrial proceeding~~. Alternatively, any Party may designate testimony as Protected Material by notifying all Parties in writing not later than 30 days after receipt of the deposition transcript of the specific pages and lines of the transcript that should be treated as Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) by page and line designations.   All deposition transcripts shall be treated as "CONFIDENTIAL" for a period of 30 days after initial receipt of the transcript.

(c)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) in a way that does not interfere with the viewing of the evidence.

5.4    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable

efforts to assure that the material is treated in accordance with the provisions of this Order.

   5.5 <u>Privilege Logs.</u> Pursuant to Federal Rule of Civil Procedure Rule 26(b)(5), a Producing Party will produce a Privilege Log describing the nature of any withheld information at the time of production.  The Parties agree that privileged attorney-client communications and work product made after the filing of this Action (September 8, 2023) need not be included on the Privilege Logs.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

   6.1 <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.  While every effort will be made to timely challenge the Designating Party's confidentiality designations to avoid foreseeable substantial unfairness, unnecessary economic burdens, and significant disruption or delay of the litigation, a Party does not waive or inhibit its right to challenge a confidentiality designation by electing not to mount a challenge immediately after the original designation is disclosed.

   6.2 <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq. and in accordance with the procedures for discovery motions set forth on Magistrate Judge Rosenberg's website.  Within ten (10) days of the Challenging Party's request for a L.R. 37-1 prefiling conference, the Designating Party must explain, in writing, the basis for each challenged confidentiality designation it intends to maintain.

   6.3 <u>Burden.</u>  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  If neither the designation nor the objection is withdrawn following the discovery conference before Magistrate Judge Rosenberg, the Designating Party shall have twenty (20) days from said discovery conference, or less time if the 20-day period would conflict with the discovery cut-off date, to

**STIPULATED PROTECTIVE ORDER**

file a motion requesting that the Court determine whether the challenged material is, in fact, entitled to protection under this Order. The Designating Party must make a particular and specific demonstration of fact supporting good cause for each document, information, or item it seeks to protect by showing that specific prejudice or harm will result if no protection is granted.

Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge or, if no motion is made, until the time for the Designating Party to bring a motion has expired.  Failure by the Designating Party to make such a motion within the applicable time period for doing so shall automatically waive the confidentiality designation for each challenged designation. Frivolous challenges or confidentiality designations, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging or Designating Party to sanctions.

6.4    <u>Procedure for Non-Parties.</u>  A Non-Party may challenge a Designating Party's confidentiality designation(s) only to the extent consistent with the Federal Rules of Civil Procedure or case law.  by filing a motion to intervene in the Action for the purpose of challenging the confidentiality designation(s).  The Designating Party bears the burden of establishing that the challenged material is entitled to protection.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a

Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. ~~With the exception of a third-party's personal identifying information which should always be redacted in documents filed publicly pursuant to L.R. 5.2-1,~~ Unless otherwise ordered by the Court herein or hereafter, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action such as litigation assistants, paralegals, and secretarial and other clerical personnel;

(b)     the officers, directors, and/or their equivalent under foreign law of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     the employees and consultants (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d)     the Parties;

(e)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the court and its personnel;

(g)     professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

**STIPULATED PROTECTIVE ORDER**

(h)     Professional Vendors to whom disclosure is reasonably necessary for this Action;

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j)     deposition witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness signs the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court;

(k)     counsel for issuers of insurance policies under which any issuer may be liable to satisfy part or all of a judgment that may be entered in this Action or to indemnify or reimburse payments or costs associated with this Action;

(l)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(m)     any other person as to whom the Producing Party has consented to disclosure in advance and in writing.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items.</u>  If a Party wishes to file information containing Plaintiff's PII with the Court, the information must be redacted and filed conditionally under seal pursuant to Local Rules such that Plaintiff's PII is not publicly disclosed unless ordered by the court. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any other information or item designated "HIGHLY CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action and House Counsel, as well as employees of said Outside Counsel of Record and House Counsel to whom it is reasonably necessary to disclose the information for the

STIPULATED PROTECTIVE ORDER

Action such as litigation assistants, paralegals, and secretarial and other clerical personnel;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for any of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters and their staff;

(e)     professional jury or trial consultants, and mock jurors to whom disclosure is reasonably necessary for the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     Professional Vendors to whom disclosure is reasonably necessary for the Action;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness signs the form attached as Exhibit A hereto; and (2) the witness will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Highly Confidential Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i)     Upon written request to and permission from the Designating Party, which shall be fairly and reasonably given, to a deponent or witness who was noticed for a deposition or is on a witness list for hearing ~~or trial~~ in the Action, in preparation for his or her noticed deposition, or hearing, ~~or trial~~ testimony, who does not qualify under other subsections of this paragraph only when the Highly Confidential

information is determined by counsel in good faith to be necessary to the anticipated subject matter of testimony. Such Highly Confidential information shall only be shared with such person in connection with preparation for the anticipated testimony, and the person identified in this paragraph will not be permitted to retain copies of such Highly Confidential information and shall be required to sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(j)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(k)    any other person as to whom the Producing Party has consented to disclosure in advance and in writing.

7.4    <u>Disclosure to the Government or Other Third Party</u>.  Notwithstanding this Order or any confidentiality designations under it, any Party may disclose relevant information to any regulatory or law enforcement agency, or government entity, or third party that has an interest in the subject matter of the Action if compelled to do so by a subpoena or other legal process.  In such case, the procedure set forth in Paragraph 8, below, shall apply.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)    promptly notify in writing the Designating Party within five (5) business days after receiving the subpoena or court order, and such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order from the court where the subpoena or order issued, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

**STIPULATED PROTECTIVE ORDER**

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If a Party or the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection,

the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The inadvertent production of privileged or work-product protected documents, electronically stored information ("ESI") or information is not on its own a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. If the Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the document or information, and shall inform the Producing Party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the producing party of the information.

Any Party or Non-Party that inadvertently discloses or produces a Document, ESI, or information that it considers privileged or otherwise protected from discovery will, promptly upon discovery of the disclosure or production, give notice to the Receiving Party, identifying the document, ESI, or information in question; the asserted privilege or protection; and the grounds therefor.

Upon receipt of notice of the assertion of privilege or protection over produced documents, ESI, or information, the Receiving Party will:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the Producing Party or Non-Party, and maintain the contested documents and ESI in confidence pending resolution of the contest by the parties or the court; and

(b) to whatever extent the Receiving Party does not contest the assertion of privilege or protection, promptly certify in writing to the Producing Party or Non-Party that it has returned or destroyed and does not maintain any copies of the applicable document(s), ESI, and/or information, and has made reasonably diligent efforts to identify and destroy each copy thereof and all information derived therefrom.

**STIPULATED PROTECTIVE ORDER**

In the event of a contested assertion of privilege or protection over produced documents that cannot be resolved amicably after meeting and conferring in good faith, the Producing Party may promptly seek resolution of the matter in accordance with the court's Local Rules and the Federal Rules of Civil Procedure, including by seeking in camera review.

12.    MISCELLANEOUS

12.1    Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Prior or Public Knowledge.  This Protective Order shall not apply to information that, prior to disclosure, is public knowledge, and the restrictions contained in this Protective Order shall not apply to information that is, or after disclosure becomes, public, including but not limited to, information that was used in a public agency proceeding or a governmental hearing; was in the possession of the Party to whom disclosure is made prior to disclosure; is public knowledge other than by an act or omission of the party to whom such disclosure is made; or that is legitimately and independently acquired from a source not subject to this Protective Order.  Notwithstanding this section, Plaintiff's PII is always HIGHLY CONFIDENTIAL and shall always be redacted or omitted from publicly filed documents for purposes of discovery unless otherwise ordered by the court.

12.4    GirlsDoPorn (GDP).  This Action relates to the GDP sex trafficking criminal enterprise and the facts and findings in related cases and prosecutions

thereof, including, but not limited to, in *Jane Doe Nos. 1-22 v. GirlsDoPorn.com et al.* (Cal. Super. Ct. No. 37-2016-00019027-CU-FR-CTL).

  12.5 <u>Filing Protected Material.</u>  Neither this Order, nor any confidentiality designation under it, is a sufficient basis for demonstrating that court records may be sealed. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

  12.6 <u>Non-Parties.</u> Nothing in this Order affects the right of Non-Parties to this Action to challenge this Order, any confidentiality designations made pursuant to this Order, or the sealing of any court records in this Action.

13. <u>FINAL DISPOSITION</u>

  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**STIPULATED PROTECTIVE ORDER**

14.    <u>VIOLATION</u>.  Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: November 11, 2025            BOUCHER LLP

                                    BURG SIMPSON ELDREDGE HERSH & JARDINE, P.C.


                                    By:    */s/ Amanda J.G. Walbrun*
                                           Raymond P. Boucher
                                           Amanda J.G. Walbrun
                                           David K. TeSelle
                                           Morgan L. Carroll

                                           *Attorneys for Plaintiff*
                                           *Jane Doe*


Dated: November 11, 2025            MITCHELL SILBERBERG & KNUPP LLP


                                    By:    */s/ Emily F. Evitt*
                                           David A. Steinberg
                                           Marc E. Mayer
                                           Emily F. Evitt

                                           *Attorneys for Defendants*


FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.


DATED: November 13, 2025

                                           Honorable Alicia G. Rosenberg
                                           United States Magistrate Judge

24

**STIPULATED PROTECTIVE ORDER**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Jane Doe  v. Aylo Global Entertainment Inc. et al.*, No. 2:23-cv-07488-MWF-AGR (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type  full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

**STIPULATED PROTECTIVE ORDER**

Signature: _____

#### **Attestation Regarding Signatures-Local Rule 5-4.3.4(a)(2)(i)**

I, Emily F. Evitt, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  November 13, 2025

*/s/ Emily F. Evitt*
Emily F. Evitt

**STIPULATED PROTECTIVE ORDER**