Ryan G. Baker (Bar No. 214036)
 rbaker@waymakerlaw.com
Donald R. Pepperman (Bar No. 109809)
 dpepperman@waymakerlaw.com
Sam S. Meehan (Bar No. 307934)
 smeehan@waymakerlaw.com
Riley P. Smith (Bar No. 337598)
 rsmith@waymakerlaw.com
WAYMAKER LLP
515 S. Flower Street, Suite 3500
Los Angeles, California 90071
Telephone: (424) 652-7800
Facsimile:  (424) 652-7850

*Attorneys for Non-Party Ethical Capital
Partners Ltd.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiff,<br><br>    v.<br><br>AYLO GLOBAL ENTERTAINMENT INC., *et al.*,<br><br>            Defendants. | Case No. 2:23-cv-07488-MWF-AGR<br><br>**NON-PARTY ETHICAL CAPITAL PARTNERS LTD.'S REPLY IN SUPPORT OF MOTION FOR LIMITED INTERVENTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(a) TO STRIKE IMPROPER ALLEGATIONS**<br><br>Judge: Hon. Michael W. Fitzgerald<br>Hearing Date: February 23, 2026<br>Hearing Time: 10:00 a.m.<br>Location: Courtroom 5A<br><br>Trial Date: July 20, 2027 |

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................................... 1

II.    ARGUMENT ........................................................................................................... 2

    A.     ECP Should Be Permitted to Intervene to Protect Its Interests .............. 2

        1.     ECP's Motion to Intervene Is Timely ........................................... 2

        2.     ECP Has Significantly Protectable Interests at Stake ................... 5

        3.     Disposition of This Case May Impair or Impede Proposed Intervenor's Interests ................................................................... 7

        4.     The Parties Do Not Adequately Represent Proposed Intervenors' Interests .................................................................. 7

    B.     The Court Can Strike the Allegations Against ECP *Sua Sponte* ............ 8

        1.     Plaintiff's Procedural Objection to a *Sua Sponte* Order Striking Allegations Is Baseless ..................................................... 8

        2.     Plaintiff Has Not Complied with the April 15 Order, and Her Allegations Against ECP are Improper ................................ 9

    C.     ECP Has Not Consented to Personal Jurisdiction .............................. 10

III.   CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

**Page**

## CASES

*Araraki v. Cayetano*,
324 F.3d 1078 (9th Cir. 2003) ....................................................................................8

*Cal. ex rel. Lockyer v. United States*,
450 F.3d 436 (9th Cir.2006) ....................................................................................5, 7

*Cal. Sea Urchin Comm'n v. Jacobson*,
2013 WL 12114517 (C.D. Cal. Oct. 2, 2013) ...........................................................7

*Citizens for Balanced Use v. Montana Wilderness Ass'n*,
647 F.3d 893 (9th Cir. 2011) .....................................................................................7

*Donnelly v. Glickman*,
159 F.3d 405 (9th Cir. 1998) .....................................................................................6

*Easton Baseball/softball, Inc. v. Wilson Sporting Goods Co.*,
2016 WL 9114010 (C.D. Cal. Sept. 16, 2016) ..........................................................9

*Estate of Toguri v. Pierotti*,
2023 WL 8703417 (C.D. Cal. Feb. 27, 2023) .......................................................4, 5

*Fry v. Napoleon Cmty. Sch.*,
580 U.S. 154 (2017) .................................................................................................10

*Hubbs v. Big Lots Stores, Inc.*,
2019 WL 12536592 (C.D. Cal. July 2, 2019) .........................................................8, 9

*Issa v. Newsom*,
2020 WL 3074351 (E.D. Cal. June 10, 2020) ...........................................................8

*Jackson v. Abercrombie*,
282 F.R.D. 507 (2012) ...............................................................................................7

*Katzir's Floor and Home Design, Inc. v. M-MLS.com*,
394 F.3d 1143 (9th Cir. 2004) ...................................................................................6

*Moore v. Stolsig*,
2024 WL 1293874 (N.D. Cal. Mar. 26, 2024) ..........................................................8

*Motores De Mexicali v. Superior Court*,
51 Cal. 2d 172 (1958) ................................................................................................6

*SEC v. Ross*,
504 F.3d 1130 (9th Cir. 2007) .................................................................................10

*Sliger v. Prospect Mortg., LLC*,
789 F. Supp. 2d 1212 (E.D. Cal. 2011) .....................................................................8

ii

*Smith v. Marsh*,
    194 F.3d 1045, 1052 (9th Cir. 1999)......................................................................4

*United States v. City of L.A., Cal.*,
    288 F.3d 391 (9th Cir. 2002).................................................................................6

*Wilderness Soc. v. United States Forest Serv.*,
    630 F.3d 1173 (9th Cir. 2011).............................................................................6


**<u>RULES</u>**

Rule 24(a)(2)..............................................................................................................6, 11

WAYMAKER

NON-PARTY ETHICAL CAPITAL PARTNERS LTD.'S  REPLY IN SUPPORT OF MOTION FOR LIMITED INTERVENTION PURSUANT TO FRCP 24(a) TO STRIKE IMPROPER ALLEGATIONS



NON-PARTY ETHICAL CAPITAL PARTNERS LTD.'S  REPLY IN SUPPORT OF MOTION FOR LIMITED
INTERVENTION PURSUANT TO FRCP 24(a) TO STRIKE IMPROPER ALLEGATIONS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On April 15, this Court ordered that "ECP is **STRICKEN** from the FAC." In its April 15 order ("April 15 Order"), the Court stated that "[i]n filing the MTA, Plaintiff agree[d] to withdraw *all* allegations *against* ECP." (Dkt. 133, April 15 Order, at 18 (emphasis added).) But Plaintiff has not withdrawn all allegations against ECP; instead, Plaintiff's third amended complaint ("TAC") reflects approximately 70 paragraphs with allegations not just about ECP, but against ECP. (Dkt. 147.) These allegations violate the Court's April 15 Order. They should be stricken.

ECP's Motion for Limited Intervention Pursuant to Federal Rule of Civil Procedure 24(a) to Strike Improper Allegations (the "Motion") has been brought at the earliest opportunity. Following Plaintiff's filing of the TAC, ECP and Plaintiff met and conferred until ECP filed an *ex parte* application for leave to intervene on December 12. After the Court denied that application, ECP's counsel immediately informed Plaintiff's counsel ECP would then file a noticed motion. Plaintiff's counsel specifically asked ECP to set the hearing no earlier than February 23, 2026, which is the date ECP selected.

ECP should be granted leave to intervene for the limited purpose of seeking to enforce the Court's April 15 Order. This Court has rightly found ECP is not subject to the Court's jurisdiction, and ECP may intervene for the limited purpose of striking improper allegations without altering the Court's correct jurisdictional analysis.

ECP should be permitted to intervene for the limited purpose of striking the improper and disparaging allegations Plaintiff has levied against ECP in spite of this Court's prior orders and in spite of Plaintiff's previous representations. ECP's Motion for Leave to Intervene for the limited purpose of moving to strike allegations in violation of the Court's April 15 Order should be granted.



1

Alternatively, the Court should exercise its inherent authority to strike all allegations against ECP in the TAC[1] pursuant to Rule 12(f).

## II.    ARGUMENT

### A.    ECP Should Be Permitted to Intervene to Protect Its Interests

#### 1.    ECP's Motion to Intervene Is Timely

ECP's Motion is timely, and ECP's timing has either been dictated by Plaintiff or has been explicitly agreed between ECP and Plaintiff's counsel. Plaintiff's timeliness argument ignores the record, which shows the parties' agreement to meet and confer until December 12, when ECP sought *ex parte* relief. Days after the Court denied ECP's *ex parte* application, ECP, as a professional courtesy, emailed Plaintiff's counsel to indicate ECP would file a motion for relief. Declaration of Ryan G. Baker (the "Baker Decl.") ¶ 6, Ex. D. In response, Plaintiff's counsel indicated unavailability until February 23, 2026. *Id*. Based on Plaintiff's counsel's representation, ECP set the hearing of the Motion for that date. *Id.* That Plaintiff now seeks to convert ECP's courtesy into a timeliness argument is not only disappointing, it is disingenuous.

Plaintiff filed the TAC on October 10, 2025, (Dkt. 147), and ECP sent her counsel a thorough meet-and-confer letter about the improper allegations against ECP two weeks later, prior to the time any response to the TAC would have been due. Dkts. 172-1 at ¶ 2; 172-2. From October 24, 2025, until ECP filed its *Ex Parte* Application for Limited Intervention Pursuant to Federal Rule of Civil Procedure 24(a) to Strike Improper Allegations on December 12, 2025, the parties extensively

---

[1] The following paragraphs in the TAC include allegations against ECP: 19–20, 25, 128–138, 320–321, 519, 647–649, 651–653, 655–660, 663–668, 673–678, 682, 684, 686, 689, 691–693, 695–705, 707–713, 715–716, 718–723, and 780, as well as the heading of Section IV.E.2 of the TAC, which reads, "Aylo Intentionally Took Further Action to Avoid Liability for Unlawful Conduct by Creating Layers of New Sham ECP Entities."

met and conferred in good faith in an effort to address the issue without Court intervention; during these meet and confer exchanges, ECP's counsel repeatedly confirmed the parties' stipulated agreement that until the parties concluded their meet and confer related to plaintiff's allegations against ECP—and to facilitate those meet and confer discussions—a request by ECP for Court relief would be timely. *See* Dkt. 172-1 at ¶¶ 2–14. For example, in an October 27, 2015 email, ECP's counsel Ryan Baker stated the following:

> To facilitate our discussions, we agreed that any response to the third amended complaint by Ethical Capital Partners, which is currently not a named defendant (but which has raised issues related to the propriety of certain allegations it deems against it), would not be due until at least November 7, 2025. Although it is unclear whether the deadline for a responsive pleading — whether set by the Federal Rules or by court order — applies to ECP in this context, we've agreed to continue any applicable deadline to November 7 to facilitate our discussions.

Baker Decl. ¶ 2, Ex. A.

This deadline was extended by stipulation several times up to the time ECP sought *ex parte* relief. For example, in a November 20, 2025 email, Mr. Baker stated that "[g]iven that tomorrow is our stipulated provisional deadline for ECP to seek relief, one thing I've asked in the letter is that the parties agree to continue that stipulated deadline to Wednesday, November 26, to permit the rest of the meet and confer to play out." *Id.* ¶ 3, Ex. B. In response, Plaintiff's counsel Ms. Amanda Boucher, stated that "[a] further extension is fine. However, I won't be available to confer next week due to the holiday. We can extend to December 5 to give Plaintiff an opportunity to review ECP's response." *Id*. And on December 3, Ms. Boucher emailed Mr. Baker stating that "As I mentioned, I was out the entire Thanksgiving holiday week and only just returned yesterday. We're happy to grant another week

3

extension and anticipate sending a formal response to you by the end of the week." *Id.* ¶ 5, Ex. C. ECP promptly moved for *ex parte* relief on December 12, 2025, but only once it was clear the parties were at an impasse. Dkt. 172-1 at ¶ 18. Immediately after the *ex parte* application was denied for lack of exigent circumstances, on Thursday, December 18, ECP notified Plaintiff that it would file a noticed motion to intervene on the earliest available hearing date. *Id*. ¶ 20. In response, Plaintiff's counsel Ms. Boucher stated that "due to the holidays, trial, and other conflicts, we are not available for a Monday hearing date in LA until February 23, 2026. Please notice ECP's motion for this date or let us know if we need to confer on alternatives." Baker Decl. ¶ 6, Ex. D. Plaintiffs cannot cite delay or timeliness as a basis to preclude ECP from obtaining the relief this Court has already ordered.

Plaintiff's argument that the Motion is untimely because allegations were made against ECP in the original complaint from 2023 (Dkt. 173 at 10) is nonsensical. ECP timely addressed the deficiencies in those allegations by filing a motion to dismiss, which was granted. The only relevant date for the timeliness analysis should be October 10, 2025—the date Plaintiff filed her TAC, which was unexpectedly and improperly rife with direct allegations against ECP. That is confirmed by a case Plaintiff cites, *Smith v. Marsh*, which helpfully explains that "[t]he crucial date for assessing the timeliness of a motion to intervene is when proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." 194 F.3d 1045, 1052 (9th Cir. 1999); *see also Estate of Toguri v. Pierotti*, 2023 WL 8703417, at *5 (C.D. Cal. Feb. 27, 2023) ("Because the crucial date is the date when the Biondi Intervenors became aware that the Roy Biondi Estate's interest in the Property would not be protected by this action, late 2021 is the crucial date.")

Plaintiff's concerns about the costs, delays, and psychological hardship she would suffer (Dkt. 173 at 10) should also be disregarded. To the extent Plaintiff

NON-PARTY ETHICAL CAPITAL PARTNERS LTD.'S REPLY IN SUPPORT OF MOTION FOR LIMITED INTERVENTION PURSUANT TO FRCP 24(a) TO STRIKE IMPROPER ALLEGATIONS

does encounter any additional hardship here, it will be entirely of her own doing because she flagrantly violated a plainly worded order from this Court when she filed her TAC. Plaintiff could have avoided this Motion entirely had she simply proceeded with allegations against the remaining defendants as ordered by the Court.

As Plaintiff notes in her Opposition, the case is still in its infancy and trial is still over a year and a half away. *See Estate of Toguri*, 2023 WL 8703417, at *6 (intervention timely when the case was in its early stages, a scheduling order had just issued, and trial was approximately seven months away). The remaining parties will not be prejudiced by ECP's intervention for the simple purpose of filing a motion to strike (a draft of which has already been filed (Dkt. 172-7)) and can be set for a hearing date immediately.

2.     ECP Has Significantly Protectable Interests at Stake

ECP has been dismissed from this case, yet Plaintiff persists with direct allegations of ECP's liability on alter ego and successor-in-interest theories. *See* TAC ¶¶ 19, 715, 780. In the Ninth Circuit, such circumstances warrant intervention. *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir.2006) (a prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation."). Here, without limited intervention (or the offending allegations being stricken *sua sponte*), ECP would have no recourse to ensure that Plaintiff complies with the Court's order striking the allegations against ECP and dismissing it for lack of personal jurisdiction. Moreover, as explained in the Motion, continued allegations against ECP may give rise to insurance reporting, regulatory compliance and other issues. Plaintiff herself appears to remain committed to baselessly attacking ECP: her Opposition cites an *opinion* piece from the *New York Times*—that does not even mention ECP—for the claim that ECP has been "profiteering" from "tens of

NON-PARTY ETHICAL CAPITAL PARTNERS LTD.'S REPLY IN SUPPORT OF MOTION FOR LIMITED INTERVENTION PURSUANT TO FRCP 24(a) TO STRIKE IMPROPER ALLEGATIONS

millions" of illegal videos on websites it undisputedly does not operate. *See* Dkt. 173 at 12, n.3.

The specter of liability with no current means to address Plaintiff's allegations is a sufficient legally protectable interest to warrant intervention, particularly where the movant is seeking to file a motion to strike allegations against it that were already struck based on the Court's prior finding of no jurisdiction. *Katzir's Floor and Home Design, Inc. v. M-MLS.com*, 394 F.3d 1143, 1149–50 (9th Cir. 2004) ("Due process 'guarantees that any person against whom a claim is asserted in a judicial proceeding shall have the opportunity to be heard and to present his defenses.'") (quoting *Motores De Mexicali v. Superior Court*, 51 Cal.2d 172, 176 (1958)). ECP presented its defenses, including on the basis of a lack of personal jurisdiction, and the Court found in favor of ECP in its order dismissing ECP and the allegations against it. ECP is simply seeking enforcement of the Court's prior order affirming its defense.

Plaintiff's overly mechanical, inflexible reading of FRCP 24(a)(2) is directly at odds with the relevant caselaw. Courts in the Ninth Circuit are to construe Rule 24(a)(2) "broadly in favor of proposed intervenors." *Wilderness Soc. v. United States Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (citation omitted). This "liberal policy" allows for an "efficient resolution of issues." *United States v. City of L.A., Cal.*, 288 F.3d 391, 397–98 (9th Cir. 2002). ECP seeks to intervene for the limited purpose of obtaining an order from the Court striking allegations that are inconsistent with the Court's prior ruling, which would facilitate an efficient resolution to the issue—already addressed by the Court—that ECP does not belong in this litigation. Ninth Circuit courts are to follow "practical and equitable considerations" in deciding motions to intervene (*Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)), and the Court should apply that flexible standard to let ECP intervene and seek compliance with the Court's prior order dismissing ECP and the allegations against it from the case.

6

3. Disposition of This Case May Impair or Impede Proposed Intervenor's Interests

Rather than argue that the disposition of this matter would not impede ECP's interests, Plaintiff simply repeats her argument that ECP has not identified a legally protected interest. However, as explained in Section II.A.2 above, and in Section IV.A.3 of the Motion, the TAC makes direct claims against ECP, including an alter ego basis for liability and personal jurisdiction. *See* TAC ¶ 715 ("ECP is a successor in interest, has liability to Plaintiff, and is subject to the jurisdiction of this Court under the theory of successor liability.").

With ECP's protectable interest identified, "the third prong is easily satisfied." *Cal. Sea Urchin Comm'n v. Jacobson*, 2013 WL 12114517, at *3 (C.D. Cal. Oct. 2, 2013) (quoting *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 898 (9th Cir. 2011)); *see also Jackson v. Abercrombie*, 282 F.R.D. 507, 517 (2012) ("Generally, after determining that the applicant has a protectable interest, courts have 'little difficulty concluding' that the disposition of the case may affect such interest.") (quoting *Lockyer*, 450 F.3d at 442). Here, ECP is seeking to intervene for the limited purpose of moving to strike allegations in contravention of the Court's prior order. In the absence of a determination on that issue, the ultimate disposition of this case will impede ECP's interests to the extent the Plaintiff continues to make allegations that, for example, ECP is liable under an alter ego or successor theory.

4. The Parties Do Not Adequately Represent Proposed Intervenors' Interests

Plaintiff's Opposition essentially punts on arguing the fourth prong, stating that "Plaintiff does not purport to address whether the Aylo Defendants adequately represent ECP's interests[.]" Dkt. 173 at 14. As explained in the Motion, the Aylo Defendants answered the TAC and, as to the allegations against ECP, could neither admit nor deny the allegations. Therefore, only ECP is in a position to represent its

7

interests, which satisfies the requirements of prong four of to the test for intervention. *See Araraki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) (the burden for showing inadequacy of representation is "minimal"); *see also Issa v. Newsom*, 2020 WL 3074351, at *3 (E.D. Cal. June 10, 2020) ("Any doubt as to whether the existing parties will adequately represent the intervenor should be resolved in favor of intervention.")

ECP has satisfied all four elements, and it should be permitted to intervene in order to file a motion to strike the litany of improper claims against it that remain in the operative pleading in this case.

**B.    The Court Can Strike the Allegations Against ECP *Sua Sponte***

1.    Plaintiff's Procedural Objection to a *Sua Sponte* Order Striking Allegations Is Baseless

Plaintiff's Opposition appears to confuse the issues on ECP's alternative request for resolution to the Motion. *See* Dkt. 173 at 15. ECP's primary request is to be permitted to intervene to file a proposed motion to strike. However, ECP has also pointed out that, in the alternative, the Court can act of its own volition to strike the offending allegations under Rule 12(f). There is nothing improper with proposing alternative resolutions to a motion, as ECP has done here. *See, e.g., Moore v. Stolsig*, 2024 WL 1293874, at *1 (N.D. Cal. Mar. 26, 2024) ("Defendants requested multiple alternative forms of relief, in the event their motion for summary judgment was denied."). Because of how flagrantly Plaintiff has violated the April 15 Order, such a *sua sponte* decision would be sensible, as it would conserve judicial resources and obviate the need for a formal noticed motion to strike.

Despite what Plaintiff argues in her Opposition, there can be no doubt that this Court is empowered to "make appropriate orders to strike under the rule *at any time* on its own initiative." *Sliger v. Prospect Mortg., LLC*, 789 F. Supp. 2d 1212, 1216 (E.D. Cal. 2011) (emphasis added). Plaintiff's reliance on *Hubbs v. Big Lots Stores, Inc.*, an unreported and easily distinguished case, is misplaced. In *Hubbs*, the

NON-PARTY ETHICAL CAPITAL PARTNERS LTD.'S REPLY IN SUPPORT OF MOTION FOR LIMITED INTERVENTION PURSUANT TO FRCP 24(a) TO STRIKE IMPROPER ALLEGATIONS

Court refused to enter a *sua sponte* order striking class allegations because an untimely motion to strike had already been filed. 2019 WL 12536592, at *3 (C.D. Cal. July 2, 2019). Here, unlike in *Hubbs*, there are no contested class allegations at issue and no motion to strike has been filed (untimely or otherwise). This Court "has inherent authority to control its docket" (*Easton Baseball/softball, Inc. v. Wilson Sporting Goods Co.*, 2016 WL 9114010, at *1 (C.D. Cal. Sept. 16, 2016)) and may take the efficient step of striking the allegations *sua sponte* in order to efficiently conform the operative pleadings to the April 15 Order without the need for further motion practice.

### 2. Plaintiff Has Not Complied with the April 15 Order, and Her Allegations Against ECP are Improper

Plaintiff's contention that she has "adher[ed] to the Court's prior orders" and that the TAC only retains "allegations that generally reference ECP" (Dkt. 173 at 17–18) cannot be squared with the actual facts. The TAC directly references ECP over a hundred times, and even directly admits that Plaintiff "seeks to hold Aylo and its current owner and controller, Ethical Capital Partners, Ltd. ('ECP'), responsible for their role in enabling, distributing, advertising, promoting, and profiting from Plaintiff's GDP sex trafficking videos[.]" (TAC ¶ 25.) The TAC still contains several direct allegations against ECP premised at attaching liability. For example, paragraph 132 alleges that ECP is "the successor in interest, and a mere continuation of the same pornography empire created by its predecessors." This is not a general allegation "referencing ECP" that provides "factual context" (Dkt. 173 at 18); it can only be read as an allegation *against* ECP, which this Court prohibited in the April 15 Order.

ECP has submitted a copy of the TAC with all of the allegations highlighted in yellow, along with a chart of all allegations referencing ECP, that show how pervasively Plaintiff has violated the April 15 Order. *See* Dkts. 172-6; 172-8 at 7. These allegations go far beyond the scope of any "factual context" regarding the

ownership structure of defendants. *See* Dkt. 173 at 18. Indeed, it is unclear why even general allegations about ECP are in any way "essential to the remaining claims" against other defendants. *Id*.

Plaintiff's offer to strike ECP from paragraphs 19, 20, 25, 720, 780, and strike paragraph 715 in full is woefully inadequate and would still result in a pleading that violates the April 15 Order. Plaintiff's complaint that she would suffer prejudice from having to draft and file a Fourth Amended Complaint should be disregarded, as any such prejudice (which ECP contends would be minimal) are entirely of her own making. Plaintiff could have avoided such prejudice (and this Motion) had she complied with the Court's April 15 Order in the first instance.

**C.    ECP Has Not Consented to Personal Jurisdiction**

Plaintiff's argument regarding consent to personal jurisdiction is based on a tortured, selective misreading of *Securities & Exchange Commission v. Ross*, and she offers no case citation for the proposition that ECP's proposed motion to strike seeks "affirmative relief" that amounts to consent to personal jurisdiction.

In fact, *Ross* is clear that the Ninth Circuit "ha[s] held that a party has consented to personal jurisdiction when the party took some kind of affirmative act—accepting a forum selection clause, submitting a claim, filing an action—that fairly invited the court to resolve the dispute between the parties." 504 F.3d 1130, 1149 (9th Cir. 2007). In contrast, as with the intervenor in *Ross* who the Court found did not consent to jurisdiction, ECP has "objected to in personam jurisdiction as effectively as [it] could have at every turn." *Ross*, 504 F.3d at 1149.

Plaintiff also mischaracterizes ECP's request here. ECP does not "seek control over the case" or dictate a "rewrite" of the TAC (Dkt. 173 at 22); it simply seeks to have the operative pleading conform to this Court's unambiguous order that Plaintiff to "withdraw all allegations against ECP." (Dkt. 133 at 5.) ECP does not intend to intervene to seek any "relief" in this case. *See Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 166 (2017) (explaining that "'relief' in the context of a lawsuit is the

10

'redress[ ] or benefit' that attends a favorable judgment.") (citing Black's Law Dictionary 1161 (5th ed. 1979)).

Plaintiff's remaining argument that ECP "continues to purposefully direct its activities" to California is wholly conclusory, unsupported by evidence, and is irrelevant to the analysis of the Motion at hand. For example, with no citation, Plaintiff contends that "the number of [ECP's] verifiable purposeful activities targeted to the forum state continues to grow." This rhetoric makes clear that Plaintiff has not accepted that ECP has been dismissed from this case and that she will continue her efforts to pull ECP further into a litigation in blatant defiance of the Court's prior order. The Court can and should put an end to such tactics by permitting ECP to intervene for the limited purpose of filing a motion to strike the improper allegations in the TAC or by striking the allegations *sua sponte*.

## III.   CONCLUSION

For the reasons set forth above and in the Motion, ECP respectfully requests that the Court grant this motion and allow ECP's intervention as of right pursuant to Rule 24(a) for the limited purpose of moving to strike allegations in Plaintiff's TAC.

DATED: February 9, 2026                WAYMAKER LLP

By: */s/ Ryan G. Baker*
RYAN G. BAKER
*Attorneys for Non-Party Ethical Capital Partners Ltd.*

NON-PARTY ETHICAL CAPITAL PARTNERS LTD.'S REPLY IN SUPPORT OF MOTION FOR LIMITED INTERVENTION PURSUANT TO FRCP 24(a) TO STRIKE IMPROPER ALLEGATIONS

**STATEMENT OF COMPLIANCE**

Pursuant to L.R. 11-6.2, the undersigned, counsel of record for Non-Party Ethical Capital Partners Ltd., certifies that, based on the word processing program used to prepare this memorandum of points and authorities, the memorandum of points and authorities contains 3,564 words, which complies with the 7,000 word limit of L.R. 11-6.1.

DATED: February 9, 2026                    WAYMAKER LLP


By:  /s/ Ryan G. Baker
     RYAN G. BAKER
     *Attorneys for Non-Party Ethical Capital Partners Ltd.*