UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-07488-MWF (AGRx)**          **Date:  March 19, 2026**

Title:  Jane Doe v. Aylo Global Entertainment Inc. et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| | |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**    ORDER DENYING ETHICAL CAPITAL PARTNERS LTD.'S MOTION TO INTERVENE [172]; STRIKING CERTAIN ALLEGATIONS IN TAC

Before the Court is a Motion to Intervene (the "Motion") filed by non-party Ethical Capital Partners Ltd. ("ECP") on January 26, 2026.  (Docket No. 172).  On February 2, 2026, Plaintiff Jane Doe filed an Opposition.  (Docket No. 173).  ECP filed a Reply on February 9, 2026.  (Docket No. 174).

The Court read and considered the papers filed in connection with the Motion and held a hearing on **February 23, 2026**.

The Motion to Intervene is **DENIED** *as moot* because the Court will *sua sponte* strike certain allegations in the TAC identified below.  Those allegations violate the Court's April 15 Prior Order in that they assert legal conclusions and theories of liability against ECP.

## I.    BACKGROUND

The Court previously summarized the allegations in the Complaint (Docket No. 1) in its Order Granting Defendants' Motions to Dismiss (the "June 24 Prior Order").  (Docket No. 74).  The factual allegations made in the operative Third Amended Complaint ("TAC") (Docket No. 147) are largely analogous to those contained in the original Complaint.  Therefore, the Court will not repeat those facts here but incorporates by reference the factual background from the June 24 Prior Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-07488-MWF (AGRx)**          **Date:  March 19, 2026**

Title:  Jane Doe v. Aylo Global Entertainment Inc. et al.

On June 24, 2024, the Court granted ECP's Motion to Dismiss for lack of personal jurisdiction and dismissed ECP from this action.  (June 24 Prior Order at 21–23).  On April 15, 2025, the Court again granted ECP's second Motion to Dismiss for lack of personal jurisdiction.  (Docket No. 133 (the "April 15 Prior Order")).  In so concluding, the Court ordered that "ECP is **STRICKEN** from the [First Amended Complaint]" and noted that "Plaintiff agrees to withdraw all allegations against ECP." (*Id.* at 18 (emphasis in the original)).

After Plaintiff filed the TAC, ECP filed this Motion, arguing that the TAC continues to improperly assert over 70 paragraphs of allegations against ECP.  ECP seeks to intervene for the limited purpose of filing a motion to strike these allegations pursuant to Rule 12(f).  (*See generally* Motion).  Specifically, ECP seeks to strike paragraphs "19–20, 25, 128–138, 320–321, 519, 647–649, 651–653, 655–660, 663–668, 673–678, 682, 684, 686, 689, 691–693, 695–705, 707–713, 715–716, 718–723, and 780, as well as the heading of Section IV.E.2 of the TAC, which reads, 'Aylo Intentionally Took Further Action to Avoid Liability for Unlawful Conduct by Creating Layers of New Sham ECP Entities.'"  (*Id.* at 14).

ECP contends that the specified allegations are not merely ***about*** ECP but ***against*** ECP, in violation of the Court's April 15 Order.  (*See* Motion at 5–6).  Plaintiff does not object to striking certain allegations (*see* Opp. at 16), but otherwise maintains that some factual allegations about ECP, even as a non-party, are relevant to Plaintiff's claims and must remain in the TAC.  (Opp. at 17–19).

## II.     **DISCUSSION**

The Court construes ECP's filings as an elaborate suggestion that the Court enforce its June 24 and April 15 Prior Orders via Federal Rule of Civil Procedure 12(f).  Under Rule 12(f), a court may strike allegations from a pleading "on its own," Fed. R. Civ. P. 12(f)(1), including for violating a court's prior order.  *See, e.g., Tapia Carmona v. Cty. of San Mateo*, Case No. CV 18-05232-LHK, 2019 WL 4345973, at *2 (N.D. Cal. Sept. 12, 2019) ("The Court strikes this language in the SAC that violates the Court's prior order and admonishes Plaintiff that future violations of Court orders may result in sanctions."); *Ross v. Cty. of Lake*, Case No. CV 24-09475-JSC, 2025 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 23-07488-MWF (AGRx)**          **Date:** **March 19, 2026**
Title:  Jane Doe v. Aylo Global Entertainment Inc. et al.

2624884, at *2 (N.D. Cal. Sept. 11, 2025); *Elmore v. Islas*, Case No. CV 24-01719-JLS (JDE), 2024 WL 3914606, at *1 (C.D. Cal. July 5, 2024).

ECP's suggestion is well taken.  The majority of allegations identified by ECP in the TAC violate both the letter and spirit of the April 15 Order in that they assert legal conclusions and theories of liability against ECP.  (*See, e.g.*, TAC ¶¶ 25, 649, 715 ("ECP . . . has liability to Plaintiff")).

Accordingly, the Court **STRIKES** the following material from the TAC:

- Paragraphs 129–37, 649, 651, 653, 655–56, 660, 664–666, 668, 673, 676–78, 682, 684, 686, 689, 691–693, 696–704, 711– 713, 715–716, 718–719, 721–23, 780, in their entirety; and

- The mention of ECP in paragraphs 19, 20, 25, 138, 320–21, 519, 663, 652, 667, 674, 695, 708, 720.

To clarify, the above material is no longer part of the TAC, but the TAC remains the operative complaint.  In other words, Plaintiff need not file a new complaint, and no Defendant needs to refile a responsive pleading.

The Court is not willing to go further than striking the above material at this time.  The other material identifying ECP in the TAC appears proper to the extent it merely references ECP or discusses ECP in furtherance of alleging the liability of the remaining Aylo Defendants, rather than ECP's liability.  (*See, e.g.*, *id.* at 99:25–27; *id.* ¶¶ 128, 647, 705).  But if ECP believes further material should be stricken, it may continue to meet and confer with Plaintiff with the beneficial guidance of this Order.  If those efforts are futile and the parties come to the remarkable conclusion that further motion practice is necessary, ECP may file a renewed motion to intervene.  In the meantime, the current Motion is **DENIED** *as moot*.

IT IS SO ORDERED.